STATE OF NORTH CAROLINA v. CLIFTON RUDOLPH TAYLOR

No. 407A82

(Filed 5 April 1983)

1. **Criminal Law § 146.5— appeal from sentence entered on pleas of guilty or no contest**

    Defendant had no right of appeal where he entered pleas of guilty and no contest pursuant to a plea bargain. G.S. 7A-27(a).

2. **Criminal Law § 23.4— guilty plea under plea bargain—failure to call defendant to testify—no withdrawal of plea**

    Defendant was not entitled to withdraw pleas of guilty and no contest entered pursuant to a plea bargain with the State in which defendant agreed to testify truthfully against a third party because the third party also entered into a plea arrangement with the State and the State did not call defendant to testify against the third party.

APPEAL by defendant from *Battle, Judge,* at the 16 February 1982 Criminal Session of WAKE County Superior Court.

On 6 January 1981, the Wake County grand jury returned indictments charging defendant with murder, armed robbery and assault with a deadly weapon with intent to kill inflicting serious injury.

On 17 September 1981, before Judge Edwin S. Preston, Jr., defendant entered a plea of guilty to the armed robbery charge and a plea of no contest to second-degree murder. The charge of assault with intent to kill inflicting serious injury was dismissed by the prosecutor.

Defendant entered these pleas pursuant to a plea bargain with the State. In exchange for defendant's pleas of guilty to armed robbery and no contest to second-degree murder, as well as his agreement to truthfully testify against Cornelius Douglas concerning Douglas's involvement in a murder and two cases of armed robbery, defendant was to receive two concurrent life sentences on the charges to which he entered pleas and a consecutive sentence of 10 to 25 years on another robbery charge of which defendant had been earlier convicted. Defendant was not, however, called to testify against Douglas because Douglas also entered into a plea arrangement with the State.

On 16 February 1982, defendant moved to withdraw his pleas on the ground that the State had failed to honor its part of the plea bargain by failing to call defendant to testify against Cornelius Douglas. Defendant stated that he was told by his attorney that if he did not testify, Douglas would go free and that he entered the plea only because of the opportunity to testify against Douglas.

A hearing on this motion was held before Judge F. Gordon Battle on 4 March 1982. The trial court made findings of fact and concluded that the pleas entered by defendant were made freely, voluntarily and understandingly. Judge Battle denied defendant's motion to withdraw the pleas for the reason that no legal basis of any kind had been shown to support the motion.

Defendant gave notice of appeal to this Court.

*Rufus L. Edmisten, Attorney General, by W. Dale Talbert, Assistant Attorney General, for the State.*

*Marc D. Towler, Assistant Appellate Defender, for defendant-appellant.*

BRANCH, Chief Justice.

[1] We note initially that this matter is not properly before us. G.S. 7A-27(a) provides:

§ 7A-27. Appeals of right from the courts of the trial divisions.

(a) From a judgment of a superior court which includes a sentence of death or imprisonment for life, *unless the judgment was based on a plea of guilty or nolo contendere,* appeal lies of right directly to the Supreme Court.

(Emphasis added.) Defendant has no appeal of right since he entered pleas of guilty and no contest pursuant to a plea bargain. His purported appeal is therefore subject to dismissal. However, in order to put this matter to rest, we elect to treat his attempt to appeal as a petition for writ of certiorari and grant that petition.

[2] Defendant's position that he should be entitled to withdraw his pleas of guilty and no contest because the State did not call

upon him to testify against Cornelius Douglas is utterly without merit. The provision in the plea agreement regarding defendant's testimony was not a promise by the State to permit him to testify against Douglas, but rather a promise by defendant to do so if called upon. The fact that Douglas pleaded guilty simply relieved defendant of his obligation under the plea bargain to testify. There is no impropriety whatsoever in the State's failure to afford defendant the opportunity to testify against Douglas. Defendant got exactly what he bargained for when he was sentenced according to the terms provided for in the plea agreement.

This assignment is overruled and the trial court's refusal to permit defendant to withdraw his pleas of guilty and no contest is

Affirmed.