STATE OF NEBRASKA, APPELLEE, V. NEWTON E. COPPLE, APPELLANT.
359 N.W.2d 782

Filed December 21, 1984.   No. 84-239.

Richard J. Bruckner, for appellant.

Richard T. Smith, Gage County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

At arraignment in the district court for Gage County, Nebraska, appellant, Newton E. Copple, entered a plea of no contest to a charge of making or causing to be made false entries in the books of First Security Bank and Trust, Beatrice, Nebraska, with the intent to deceive persons authorized to examine into the affairs of said bank (Neb. Rev. Stat. § 8-175 (Reissue 1983)), a Class III felony. A Class III felony is punishable by imprisonment for a term of from 1 to 20 years. In addition, a fine of up to $25,000 may be imposed, or both said imprisonment and fine. The plea was accepted. Subsequently, on March 12, 1984, the court sentenced appellant to a term of 16 to 24 months in the Nebraska Penal and Correctional Complex. This appeal followed.

Appellant assigns as error: (1) The district court erred in holding appellant had not shown that a manifest injustice would result if his nolo contendere plea was not withdrawn; (2) The district court abused its discretion in overruling appellant's motion to withdraw his plea of nolo contendere; (3) The sentence is excessive and constitutes cruel and unusual punishment; and (4) The court was without jurisdiction in the matter, since the statute of limitations had run on the offense

when the charge was filed.

Prior to sentence, John Robinson, appellant's counsel at the time of the arraignment, withdrew, and new counsel filed a motion for leave to withdraw the previous plea. The grounds recited in the motion were that the proceedings with respect to appellant's plea were conducted in one working day, to wit, January 6, 1984, that the appellant was unfamiliar with criminal procedures, and that the plea agreement filed was illegal. After a hearing on March 12, 1984, the district court denied the motion to withdraw the plea.

The appellant appeared in the county court the afternoon of January 6, 1984, after extended conversations had taken place between Mr. Robinson and the Gage County attorney. Following their conversations, the original complaint was amended and the plea agreement prepared. In county court the appellant waived preliminary hearing after an exhaustive explanation of the proceedings, his constitutional rights, and the consequences of entering a plea of guilty. In the district court proceedings the appellant further waived 24-hour notice and service of the information. Appellant was then arraigned, and, again, the options relating to the various pleas were explained, and an extensive dialogue between the judge and the appellant took place. All of the appellant's constitutional rights and the implications of the plea of no contest were explained to him, and he affirmatively indicated an understanding of the court's explanation. After receiving an executed copy of a plea agreement in evidence, and a factual basis, the plea was accepted and sentencing set for March 12, 1984.

It is the contention of appellant that he was not "fully aware of the proceedings held on January 6, 1984," nor was he "fully advised of his constitutional rights" in connection with criminal proceedings, and that his then attorney, John Robinson, had "a conflict of interest." Brief for Appellant at 3-4. Appellant did not sign the factual basis of the plea, did not comment on it when it was admitted into evidence, and asserts that it was not factually true or correct. Appellant further contends that the plea agreement was illegal, since it purported to require appellant's cooperation with state and federal authorities in any and all investigations concerning the Beatrice bank and

Commonwealth Savings Company of Lincoln. He also asserts that the plea was the result of "implied threats" that if he did not plead to the charge in the information, other charges would be filed against him and other parties associated with him.

In his argument appellant directs us to the ABA Standards for Criminal Justice § 14-2.1 (2d ed. 1980), which provides:

> (a) After entry of a plea of guilty or nolo contendere and before sentence, the court should allow the defendant to withdraw the plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.

> (b) After a defendant has been sentenced pursuant to a plea of guilty or nolo contendere, the court should allow the defendant to withdraw the plea whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

> (i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

> (ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves, for example, that:

> (A) the defendant was denied the effective assistance of counsel guaranteed by constitution, statute, or rule;

> (B) the plea was not entered or ratified by the defendant or a person authorized to so act in the defendant's behalf;

> (C) the plea was involuntary, or was entered without knowledge of the charge or knowledge that the sentence actually imposed could be imposed; or

> (D) the defendant did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement;

> . . . .

(iii) The defendant may move for withdrawal of the plea without alleging that he or she is innocent of the charge to which the plea has been entered.

Appellant's first assignment of error appears to be directed to subdivision (b)(ii) of the standard, that is, that the withdrawal of his plea was necessary to correct a manifest injustice. A plea may be withdrawn under this subdivision in six separate situations, only four of which are applicable and cited above. The first, Was appellant denied effective assistance of counsel? Appellant asserts that he was by reason of an alleged conflict of interest that arose because of the marriage of John Robinson, appellant's original counsel, to Dana Saylor-Robinson, an employee of Copple and a so-called "target defendant" in this case. If indeed such a conflict existed, appellant was well aware of it and continued to employ his counsel, waiving any prejudice which may have resulted from such conflict. Indeed, on direct examination at the hearing on appellant's motion, Copple testified that he knew the potential for conflict existed, and on cross-examination testified that he unsuccessfully attempted to extract from the county attorney a promise not to prosecute Mrs. Saylor-Robinson.

Was the plea ratified by the defendant? The record demonstrates this most clearly, in that an experienced trial judge ran through a detailed listing of appellant's constitutional rights and possible pleas, and thereafter directly asked appellant if he wished to have the plea of nolo contendere accepted. The suggestion that the plea was not ratified is preposterous.

Did the appellant have knowledge of the charge or that the penalty actually imposed could be imposed? The record reveals that both the charge and the possible penalty were clearly explained. Absent evidence that the appellant was incapable of understanding the English language, it was apparent to the trial court, and is to us, that appellant was fully aware of the charge against him and the possible penalty.

As to subsection (b)(ii)(D) of the standard, no sentence was promised in either the plea agreement or by the court in accepting the plea, nor did the prosecutor violate any agreement with appellant. Having failed to establish manifest injustice by

clear and convincing evidence, this assignment is without merit. *State v. Holtan*, 216 Neb. 594, 344 N.W.2d 661 (1984).

Therefore, if the appellant has any right to withdraw his plea, he must show, pursuant to subsection (a) of the standard, that there is a fair and just reason for such withdrawal and that the prosecution would not be substantially prejudiced by its reliance on the plea. See *State v. Holtan, supra.* As to the second part of the standard, the record is silent. Indeed, considering the extended investigation conducted in this case, the likelihood of prejudice to the prosecution is so remote as to be nonexistent. The evidence available to convict the appellant of the crime charged and of a number of other crimes in his dealings with the bank is overwhelming. However, as to the first part of the standard, whether the appellant has shown a "fair and just" reason why the plea should be withdrawn, other than a person's normal reluctance to be incarcerated, no reason is apparent. The appellant, a sophisticated and experienced businessman, directed false signatures of loans in excess of $500,000, with disastrous consequences to others. He made an arrangement to cut his losses by pleading to one charge out of the many that apparently could have been brought and proven. His story of his naivete of criminal proceedings is imaginative but hardly persuasive. The second assignment of error is also without merit.

As to the third assignment of error, this court has frequently said that, ordinarily, a sentence imposed within the limits prescribed by statute will not be disturbed absent an abuse of discretion. *State v. Cooley*, 217 Neb. 90, 348 N.W.2d 433 (1984); *State v. Turner, ante* p. 365, 355 N.W.2d 219 (1984). No abuse of discretion is shown.

The fourth assignment of error is also nonmeritorious, putting aside the obvious question of whether a valid plea of no contest waives the defense of the statute of limitations. The information alleges a false entry based on a fictitious loan of September 12, 1980, and rewritten a number of times, the last date being July 29, 1981. The rewriting of the loan thus constitutes a continuing offense.

A continuing offense is defined as a "continuous,

unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy; . . . a breach of the criminal law . . . subsisting for a definite period and intended to cover or apply to successive similar . . . occurrences."

*State v. Williams,* 211 Neb. 650, 655, 319 N.W.2d 748, 751 (1982). In this case the offense continued until the last date above mentioned, and therefore fell within 3 years of the date of the filing of the complaint, January 6, 1984. Neb. Rev. Stat. § 29-110 (Reissue 1979).

The judgment and sentence of the trial court are affirmed.

AFFIRMED.