STATE OF NORTH CAROLINA v. WILLIAM KENNETH HANDY

No. 248A87

(Filed 10 May 1990)

**1. Appeal and Error §§ 23, 75 (NCI4th) — guilty plea — death sentence — motion to withdraw plea — right of appeal**

Defendant could appeal a sentence of death entered upon a plea of guilty where the trial judge denied his motion to withdraw his guilty plea. N.C.G.S. §§ 15A-1444(e), 7A-27(a).

**Am Jur 2d, Appeal and Error § 271.**

**2. Criminal Law § 932 (NCI4th) — withdrawal of guilty plea before sentencing — motion for appropriate relief inapplicable**

The trial judge erred in treating defendant's motion to withdraw his guilty plea in a capital case prior to sentencing as a motion for appropriate relief, since a motion for appropriate relief is a post-verdict motion (or a post-sentencing motion where there is no verdict) made to correct errors occurring prior to, during, and after a criminal trial, and a motion for appropriate relief is not proper where made prior to sentencing when there is no jury verdict.

**Am Jur 2d, Criminal Law §§ 501, 502.**

**3. Criminal Law § 146 (NCI4th) — presentence motions to withdraw guilty plea — liberality in granting**

While there is no absolute right to withdrawal of a guilty plea, withdrawal motions made prior to sentencing, and especial-

ly at a very early stage of the proceedings, should be granted with liberality.

**Am Jur 2d, Criminal Law §§ 501, 502.**

**4. Criminal Law § 146 (NCI4th) — presentence motion to withdraw guilty plea — fair and just reason**

A presentence motion to withdraw a plea of guilty should be allowed for any fair and just reason.

**Am Jur 2d, Criminal Law §§ 501, 502.**

**5. Criminal Law § 146 (NCI4th) — withdrawal of guilty plea — factors considered**

Some of the factors which favor withdrawal of a guilty plea include whether defendant has asserted legal innocence; the strength of the State's proffer of evidence; the length of time between entry of the guilty plea and the desire to change it; whether the accused has had competent counsel at all relevant times; misunderstanding of the consequences of a guilty plea; hasty entry; confusion; and coercion. Prejudice to the State is a germane factor against granting a motion to withdraw.

**Am Jur 2d, Criminal Law §§ 501, 502.**

**6. Criminal Law § 146 (NCI4th) — presentence motion to withdraw guilty plea — showing of fair and just reason**

Defendant made a sufficient showing of a fair and just reason for his motion to withdraw his guilty plea prior to sentencing in a felony murder case, and the trial judge thus erred in the denial of that motion, where he presented evidence tending to show: defendant sought to withdraw his plea less than 24 hours after he initially offered it; defendant had misgivings about the plea at the time it was entered; defendant asserted his innocence of the armed robbery underlying the felony murder plea and thought that the only factually appropriate plea of guilty would be to second degree murder; and defendant simply followed the advice of his attorneys when he pled guilty and felt that the pressure placed upon him by his attorneys impeded and overbore the exercise of his free will in entering the plea.

**Am Jur 2d, Criminal Law §§ 501, 502.**

APPEAL as of right by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of death entered by *Stevens (Henry L., III), J.*, at the 30 March 1987 Criminal Session of Superior Court, ONSLOW County. Heard in the Supreme Court 14 February 1990.

*Lacy H. Thornburg, Attorney General, by G. Patrick Murphy, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Gordon Widenhouse, Assistant Appellate Defender, for defendant-appellant.*

MEYER, Justice.

After careful consideration of the record and briefs and hearing oral argument, we conclude that defendant should have been allowed to withdraw his plea of guilty in this capital case, that defendant's sentence of death entered upon his guilty plea must be vacated, and that there must be a new disposition of the case upon the entry of a new plea. We set out only those facts necessary to an understanding of our decision.

During the course of investigation into the 3 November 1986 stabbing death of Eugene Michael Morgan, defendant told the investigating officer that Morgan had made a homosexual advance towards defendant and that he became enraged, hit Morgan, then stabbed him to death. Defendant stated he then took Morgan's wallet to make the stabbing look like a robbery.

After his arrest, defendant made two more written statements. The first repeated defendant's initial description of events. In the second statement, which was a transcript of a question and answer session between defendant and an investigating officer, defendant stated he stabbed Morgan in order to rob him. The last statement contained no mention of a homosexual advance.

At his arraignment for murder on 27 January 1987 defendant pled "not guilty." During final pretrial motions on 31 March 1987, defendant moved to withdraw his "not guilty" plea and tendered a plea of "guilty" to felony murder, with the charge of armed robbery being the underlying felony. After conducting the required statutory inquiry, the trial court accepted and recorded defendant's guilty plea. N.C.G.S. § 15A-1022 (1988). Jury selection for the capital sentencing hearing began on the same day following a luncheon

recess. Court recessed without having completed jury selection and therefore before impaneling the sentencing jury.

On the following morning, 1 April 1987, before the proceedings reconvened, defense counsel made a motion to withdraw the plea of guilty. The trial judge treated this request as a motion for appropriate relief under N.C.G.S. §§ 15A-1401 to -1420. He denied the motion in a seven-page order containing findings and conclusions to the effect that defendant's plea of guilty was his informed choice, made freely, voluntarily, and understandingly; that there was a factual basis for the plea; and that defendant's evidence to the contrary was unbelievable. The trial judge further noted that, to the extent the court had any discretion to allow or deny the right to withdraw the plea previously entered, the court, in its discretion, denied defendant's motion. We hold that the trial court applied the wrong standard.

[1] We note as an initial matter that there is no conflict between N.C.G.S. § 15A-1444(e) ("except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest . . .") and N.C.G.S. § 7A-27(a) (appeal as of right in murder cases where the sentence is life imprisonment or death). Defendant may appeal as of right since the trial judge denied his motion to withdraw his plea of guilty. *Compare State v. Dickens*, 299 N.C. 76, 79, 261 S.E.2d 183, 185 (1980) (denial of motion to withdraw plea) *with State v. Taylor*, 308 N.C. 185, 186, 301 S.E.2d 358, 359 (1983) (defendant receiving life sentence "has no appeal of right since he entered pleas of guilty and no contest").

[2] The trial judge erred in treating defendant's motion made prior to verdict as a motion for appropriate relief. A motion for appropriate relief is a *post-verdict* motion (or a post-sentencing motion where there is no verdict) made to correct errors occurring prior to, during, and after a criminal trial. N.C.G.S. § 15A-1411 (1988); Bailey, *Trial Stage and Appellate Procedure Act: An Overview*, 14 Wake Forest L. Rev. 899, 905-06 (1978). A party may make the motion "[a]fter the verdict but not more than 10 days after entry of judgment." N.C.G.S. § 15A-1414(a) (1988). "Entry of [j]udgment" occurs "when sentence is pronounced." N.C.G.S. § 15A-101(4a) (1988). A verdict is "the answer of the *jury* concerning any matter of fact submitted to [it] for trial." *State v. Jernigan*, 255 N.C. 732, 736, 122 S.E.2d 711, 714 (1961) (emphasis added).

STATE v. HANDY

[326 N.C. 532 (1990)]

"[I]n a strict sense only a jury can render a verdict, and the term does not include findings by a court." 76 Am. Jur. 2d *Trial* § 1111, at 90 (1975); *see State v. Banner*, 149 N.C. 559, 563, 63 S.E. 169, 171 (1908) ("verdict" of judge is a "legal anomaly"). A motion for appropriate relief is not proper where made prior to sentencing when there is no jury verdict.

Had defendant waited to challenge his plea of guilty until after the jury had recommended and the trial court had imposed a sentence, it would have required the filing of a motion for appropriate relief.[1] A motion to withdraw a guilty plea made before sentencing is significantly different from a post-judgment or collateral attack on such a plea, which would be by a motion for appropriate relief. *See* N.C.G.S. § 15A-1420 (1988); *see generally State v. Dickens*, 299 N.C. 76, 261 S.E.2d 183 (discussing a post-judgment motion to withdraw a guilty plea). A fundamental distinction exists between situations in which a defendant pleads guilty but changes his mind and seeks to withdraw the plea before sentencing and in which a defendant only attempts to withdraw the guilty plea after he hears and is dissatisfied with the sentence. This distinction creates the need for differing legal standards for adjudicating such motions to withdraw guilty pleas, a distinction recognized by most courts.

> In a case where the defendant seeks to withdraw his guilty plea before sentence, he is generally accorded that right if he can show any fair and just reason.
>
> On the other hand, where the guilty plea is sought to be withdrawn by the defendant after sentence, it should be granted only to avoid manifest injustice.

*State v. Olish*, 164 W. Va. 712, 715, 266 S.E.2d 134, 136 (1980) (citations omitted); *see State v. Copple*, 218 Neb. 837, 359 N.W.2d 782 (1984); *see generally Kercheval v. United States*, 274 U.S. 220, 224, 71 L. Ed. 1009, 1012 (1927). *Compare United States v. Hancock*, 607 F.2d 337 (10th Cir. 1979) (withdrawal before sentencing) *with United States v. Tiler*, 602 F.2d 30, 35 (2d Cir. 1979) (withdrawal after sentencing). *Olish* recognized three reasons for this distinction:

---

1. Under N.C.G.S. § 15A-2002, the trial judge "shall impose" a sentence of death whenever the jury makes such a recommendation. The jury recommendation is in effect the sentence of the trial judge. Thus, in the context of a motion to withdraw a plea of guilty, the oral pronouncement of the recommendation of the jury constitutes entry of judgment as defined in N.C.G.S. § 15A-101(4a).

First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside. Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea. Finally, a higher post-sentence standard for withdrawal is required by the settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea.

These considerations are not present where the defendant seeks to withdraw the guilty plea prior to sentencing.

*State v. Olish*, 164 W. Va. at 716, 266 S.E.2d at 136 (citation omitted).

[3] While there is no absolute right to withdrawal of a guilty plea, *State v. McClure*, 280 N.C. 288, 294, 185 S.E.2d 693, 697 (1972); *State v. Banner*, 149 N.C. at 561, 63 S.E. at 170; *see also People v. Zaleski*, 375 Mich. 71, 79, 133 N.W.2d 175, 179 (1965); *Commonwealth v. Forbes*, 450 Pa. 185, 190, 299 A.2d 268, 271 (1973); *Libke v. State*, 60 Wis. 2d 121, 126, 208 N.W.2d 331, 334 (1973), withdrawal motions made prior to sentencing, and especially at a very early stage of the proceedings, should be granted with liberality, *e.g., People v. Zaleski*, 375 Mich. at 79, 133 N.W.2d at 179; *Commonwealth v. Forbes*, 450 Pa. at 190, 299 A.2d at 271; *Com. v. Jones*, 389 Pa. Super. 159, ---, 566 A.2d 893, 894 (1989); *Libke v. State*, 60 Wis. 2d at 127-28, 208 N.W.2d at 334-35. "It should be easier to withdraw a plea before sentence than after." *Libke v. State*, 60 Wis. 2d at 124, 208 N.W.2d at 333. **Rule derived** from case law: *e.g., Kercheval v. United States*, 274 U.S. at 224, 71 L. Ed. at 1012 (dictum); *Jordan v. United States*, 350 A.2d 735, 737 (D.C. 1976); *State v. Smith*, 61 Haw. 522, 606 P.2d 86 (1980) (per curiam); *People v. Zaleski*, 375 Mich. at 79, 133 N.W.2d at 179; *State v. Olish*, 164 W. Va. 712, 266 S.E.2d 134. **Rule established by legislative enactment or Rule of Criminal Procedure:** *e.g., Wahl v. State*, 691 P.2d 1048 (Alaska App. 1984); *State v. Carrasco*, 117 Idaho 295, ---, 787 P.2d 281, 284 (1990); *State v. DeZeler*, 422 N.W.2d 32, 36 (Minn. App.), *aff'd*, 427 N.W.2d 231 (Minn. 1988); *State v. Harlow*, 346 S.E.2d 350 (W. Va. 1986). **Rule derived by reference to the American Bar Association Standards for Criminal Justice § 14-2.1(a) (2d ed. 1980) or its draft predecessors:**

*e.g., State v. Copple*, 218 Neb. 837, 359 N.W.2d 782; *Commonwealth v. Forbes*, 450 Pa. at 191, 299 A.2d at 271; *Libke v. State*, 60 Wis. 2d 121, 208 N.W.2d 331. The Federal Rules of Criminal Procedure also permit a defendant to withdraw a guilty plea prior to sentencing for "any fair and just reason." Fed. R. Crim. P. 32(d). We find only one jurisdiction that applies a higher standard when a defendant moves to withdraw a plea prior to sentencing, that standard being set by an express rule of criminal procedure (manifest injustice regardless of the stage at which the motion is made). *State v. Taylor*, 83 Wash. 2d 594, 521 P.2d 699 (1974).

There is no established rule in North Carolina governing the standard by which a judge is to decide a motion to withdraw a plea of guilty prior to sentencing. The sole North Carolina appellate decision addressing a presentence motion to withdraw a plea of guilty cites without analysis two cases addressing post-sentence motions to withdraw and a third that does not address a motion to withdraw at all. *State v. Elledge*, 13 N.C. App. 462, 464, 186 S.E.2d 192, 194 (1972) (citing *State v. Crandall*, 225 N.C. 148, 150, 33 S.E.2d 861, 862 (1945) (post-sentence motion to withdraw); *State v. Morris*, 2 N.C. App. 611, 163 S.E.2d 539 (1968) (post-sentence motion to withdraw); and *State v. Wynn*, 278 N.C. 513, 518, 180 S.E.2d 135, 139 (1971) (court did not err when it failed to *ex mero motu* advise defendant to withdraw voluntary plea of guilty) ). These cases in turn rely on dicta from *State v. Banner*, 149 N.C. at 561, 63 S.E. at 170.

*Banner* is not a case concerning a defendant's motion to withdraw a plea. The *Banner* Court considered the authority of a trial judge to strike a defendant's plea of guilty and *ex mero motu* enter a plea of not guilty. *Banner*, in dicta, mentioned that a motion to retract a guilty plea "is addressed to the sound discretion of the court." *Id.* Thus, though North Carolina cases cite *Banner* as setting out the law on motions to withdraw a plea without regard to when such a plea is made, *Banner* is in fact not dispositive of the issue.

[4] *Banner* also states that a trial court has the authority to set aside a plea of guilty "if it was entered unadvisedly or improvidently, or *for any other good reason.*" *Id.* at 562, 63 S.E. at 170 (emphasis added). Permitting the presentence withdrawal of a plea for any good reason is tantamount to permitting withdrawal for any fair and just reason. In light of the considered opinions of other jurisdic-

STATE v. HANDY

[326 N.C. 532 (1990)]

tions, we hold that a presentence motion to withdraw a plea of guilty should be allowed for any fair and just reason.

"[T]he standard for judging the movant's reasons for delay remains low where the motion comes only a day or so after the plea was entered." *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir.) (en banc), *cert. denied*, 421 U.S. 1013, 44 L. Ed. 2d 682 (1975); *accord United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004, 85 L. Ed. 2d 159 (1985); *United States v. Joslin*, 434 F.2d 526 (D.C. Cir. 1970); *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963); *State v. Mesler*, 210 Mont. 92, 97, 682 P.2d 714, 717 (1984).

> A swift change of heart is itself strong indication that the plea was entered in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

*United States v. Barker*, 514 F.2d at 222.

[5] Some of the factors which favor withdrawal include whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times. *Gooding v. United States*, 529 A.2d 301, 306-07 (D.C. 1987). Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration. *State v. Shanks*, 152 Wis. 2d 284, 290, 448 N.W.2d 264, 266-67 (1989). The State may refute the movant's showing by evidence of concrete prejudice to its case by reason of the withdrawal of the plea. Prejudice to the State is a germane factor against granting a motion to withdraw. *United States v. Savage*, 561 F.2d 554 (4th Cir. 1977); *State v. Olish*, 164 W. Va. at 717, 266 S.E.2d at 137. See generally 8A Moore's Federal Practice ¶ 32.07[1] (2d ed. 1990); Project, *Seventeenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1986-1987*, 76 Geo. L.J. 707, 866 n.1680 (1988), for a survey of federal cases.

Our independent review of the record reveals that defendant, in seeking to withdraw his plea, asserted his innocence of the

armed robbery underlying the felony murder plea. Defendant sought to withdraw his plea less than twenty-four hours after he initially offered it. On 31 March 1987, after court convened but before jury selection began, defense counsel moved to withdraw his client's plea of not guilty and tendered, in its stead, a plea of guilty to first-degree murder based upon the felony murder rule and armed robbery. The trial court accepted the plea, and jury selection for the purposes of sentencing began after the luncheon recess at approximately 2:15 p.m. on 31 March 1987. Court recessed for the evening at approximately 5:00 p.m. Before the selection proceedings reconvened the following morning, defense counsel, after a lengthy consultation with his client, informed the trial court and the prosecutor of his client's desire to withdraw his plea of guilty. The inquiry at issue then commenced.

Defendant clearly made a prompt and timely motion to withdraw his plea of guilty. *Cf. United States v. Barker*, 514 F.2d 208 (motion to withdraw came eight months after pleas were entered). Defendant's motion to withdraw his plea of guilty should have been allowed if he proffered any fair and just reason for the motion.

[6] In this case, defendant offered a sufficient basis supporting a fair and just reason for his motion. Defense counsel's comments to the court in announcing his client's desire to withdraw his plea are revealing:

> This morning at approximately 0830, I was informed that my client desired to withdraw his plea to felony murder in the first degree and to robbery with a dangerous weapon to this [c]ourt and he wishes that plea to be fully set aside. He has instructed me to ensure that that plea does not go forward in this court and he's further instructed me that he does intend to tender pleas to this [c]ourt to murder in the second degree and not guilty to robbery with a dangerous weapon. He's instructed his two attorneys—myself and Mr. Wright—to proceed with that plea and also to not proceed any further with the pleas which he's previously made in this court.

> Following his announcement to me, he's had an opportunity to speak with and pray with his mother and has had an opportunity to pray alone. He has had an opportunity to speak, for a period of approximately 45 minutes, with his attorneys and received the benefit of our advice. As of this minute, after approximately two hours of consultation with those per-

sons closest to him, including his two attorneys, he once again reiterates to us that he will not proceed with the pleas which he's tendered in this court.

Defendant then testified in support of his motion. He explained that although he felt his attorneys were giving him their best advice regarding the appropriate plea, he never felt a plea of guilty to first-degree murder was factually appropriate. Furthermore, defendant had had an opportunity to more fully consider this decision and pray about it overnight, as well as discuss it with his mother and with his attorneys. Based upon these contemplations and communications, defendant felt the only appropriate plea of guilty on these facts would be to second-degree murder. He did not feel he was guilty of robbery with a dangerous weapon or murder in the first degree. On cross-examination, he stated that his answer the previous day regarding whether he personally pled guilty was done "under pressure." Defendant felt that he "was under pressure under the circumstances." As he explained:

I felt that I had pressure coming on me from both sides to plea the way I did. It was not what I had wanted to do but I went with my lawyers' advice at first, thinking that that was the best thing. In actuality, I do not believe the same thing anymore.

Not only had defendant reached this conclusion upon further reflection, but he had misgivings about it at the time the plea was entered. He simply felt compelled based upon the pressure he felt from "[t]he whole situation and circumstances."

Defendant further explained that he had to answer the trial court's questions the previous day as he did because those answers were already on the transcript of plea. "What I had given him, the slip he had asked that question. I had to answer the question is what I had signed my name to. . . . I answered from what was put on the paper, sir."

On redirect examination, defense counsel asked defendant if they (counsel) had "come across very strongly in advising you exactly what we feel you should be doing." Defendant answered affirmatively. He explained that he simply followed the advice of his attorneys when he pled guilty. He felt that the pressure placed upon him by his attorneys impeded and actually overbore the exercise of his free will in entering this plea.

Upon inquiry by the court, defendant explained, "I think that I made the wrong decision to plead guilty to first degree when I do not believe inside myself that I am guilty of first degree." As this evidence reveals, defendant made a sufficient showing of a fair and just reason to withdraw his plea of guilty. *See Lopez v. State*, 227 So. 2d 694 (Fla. App. 1969) (presentence motion to withdraw plea of guilty should have been granted where plea was induced by undue family influence, fear that trial would endanger health of father and subject family to anxiety and scandal, and advice of counsel to enter plea was inconsistent with defendant's declarations of innocence); *People v. Hollman*, 12 Mich. App. 231, 162 N.W.2d 817 (1968) (presentence motion to withdraw plea of guilty should have been granted where defendant pled guilty at behest of wife, who was too ill to withstand pressures of trial).

The State had not yet assembled its witnesses when defendant initially entered his plea, and the State made no argument that it would be substantially prejudiced by a subsequent plea withdrawal. We conclude that under the appropriate standard defendant carried his burden of asserting a fair and just reason for withdrawing his plea of guilty and that the State failed to show that it would be prejudiced by the withdrawal of the plea at the time the motion was made. Defendant's motion to withdraw his plea of guilty should have been allowed. Accordingly, we vacate the sentence of death and remand this case for a disposition upon a new plea by defendant to the indictment.

Death sentence vacated; remanded.