TYSON, Judge.
Terrance Wayne Lytle ("defendant") appeals the denial of his motion to withdraw his guilty plea. We affirm.
I. Background
On 12 May 2003, the Wilson County grand jury indicted defendant on two counts of felonious breaking and entering, one count of injury to real property, and one count of felonious larceny. Defendant subsequently entered a guilty plea pursuant to a plea arrangement on 23 July 2003 to two counts of breaking and entering, and the State agreed not to "proceed with the other cases currently pending before this Court." Judge Frank R. Brown accepted defendant's plea and entered prayer for judgment continued until 4 September 2003. At the sentencing hearing, the State prayed judgment on the two offenses. Defense counsel informed the trial court that defendant had written numerous letters to him in which defendant indicated "he did not understand what he was doing when he entered the plea, was not satisfied with [defense counsel's] services at that point, . . . and would like to strike that guilty plea and go to trial." Judge Brown denied the motion and imposed two consecutive sentences of eight to ten months imprisonment. From the trial court's judgments, defendant appeals.
II. Issue
Defendant contends the trial court erred by denying his motion to withdraw his guilty plea.
III. Withdrawal of Guilty Plea
Defendant argues the trial court should have allowed his pre-sentencing motion to withdraw his guilty plea under the "any fair and just reason" analysis found in State v. Handy, 326 N.C. 532, 538, 391 S.E.2d 159, 162 (1990).
As a general rule, a motion to withdraw a guilty plea made before sentencing should be granted with liberality. The trial court should allow a defendant to withdraw his guilty plea upon his showing that "any fair and just reason" exists for such relief. Id. at 537-39, 391 S.E.2d at 162. Factors for the trial court to consider in ruling on the motion are:
whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times. Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration.
Id. at 539, 391 S.E.2d at 163 (citations omitted). In reviewing a motion to withdraw a guilty plea, this Court makes an "independent review of the record." Id.
After review of the factors cited in Handy, defendant was not entitled to withdraw his plea. Unlike the defendant in Handy, defendant here did not assert his legal innocence. The State's forecast of the evidence in defendant's case was very strong. Defendant gave a statement to police about break-ins in Wilson following his arrest in a neighboring county. He pointed out the locations of the break-ins and provided information which led to the recovery of two guns stolen during one of the break-ins.
Two terms of court and six weeks time elapsed between entry of defendant's guilty plea and his sentencing hearing. While defense counsel referred to receiving numerous letters from defendant in that interim, he did not state when or how often defendant had indicated "that he did not understand what he was doing when he entered the plea . . . ." The record contains no indication of any specific concerns that defendant had with the plea. The record does contain defendant's handwritten pro se notice of appeal filed four days after sentencing along with an accompanying request for his file in these cases. Within a week of sentencing, defendant sent correspondence to the Wilson County Clerk of Superior Court challenging the amount of credit he received for days spent in confinement prior to the date of the judgments. Defendant entered his plea approximately two and one-half months after being indicted. He had appointed counsel at the time of entry of his guilty plea on 23 July 2003 and at the time of entry of the judgments on 4 September 2003. His assertions of misunderstanding of his guilty plea and dissatisfaction with his counsel are contrary to his sworn responses found in the transcript of plea. There is no explanation of the nature of defendant's misunderstanding. In the transcript of plea, defendant stated his counsel had explained the charges to him and that he understood those charges. Defendant responded that he was satisfied with his counsel's services and was aware of his right to be tried by a jury. He admitted his guilt and denied that anyone had caused him to enter his plea against his wishes. Defendant also acknowledged his awareness of the total punishments for the two charges.
IV. Conclusion
Applying the Handy factors to the facts at bar, defendant has not proffered a "fair and just reason" why he should be allowed to withdraw his guilty plea. 326 N.C. 537-39, 391 S.E.2d at 162. The trial court did not err by denying his motion and imposing sentences upon his guilty plea. Defendant has not cited any authority, stated any reason, or presented argument in support of his two remaining assignments of error. They are deemed abandoned. See N.C.R. App. P. 28(b)(6) (2004). The trial court's judgment and sentence are affirmed.
Affirmed.
Judge WYNN and GEER concurs.
Report per Rule 30(e).