STATE OF NORTH CAROLINA v. JOSE ARTURO ARIAS, Defendant

No. COA07-58

(Filed 2 October 2007)

**1. Criminal Law— withdrawal of guilty plea—agreement not violated**

The trial court did not err by denying defendant's motion to withdraw a guilty plea, based on breach of the agreement by the State, where the agreement did not specifically include release from custody and the State fulfilled the promises in the agreement. The lengthy delay between the plea and the motion, the lack of a fair and just reason, and the prejudice to the State (evidence was destroyed) overwhelmingly support the denial of the motion.

**2. Criminal Law— withdrawal of guilty plea—frustration of purpose—motion properly denied**

The trial court did not err by denying defendant's motion to withdraw his guilty plea based on frustration of purpose. Though he argued that there was an implied condition that he would be released to provide assistance to the State, the State's share of the bargain was to dismiss a charge, defer sentencing, and agree to an unsecure bond, which it did. Moreover, the event which prevented release, extradition to Maryland, was reasonably foresee-

able in that defendant had waived extradition well in advance of the plea.

Appeal by defendant from judgment entered 23 August 2006 by Judge David S. Cayer in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 September 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Iain Stauffer, for the State.*

*McAfee Law, P.A., by Robert J. McAfee, for defendant-appellant.*

BRYANT, Judge.

Jose Arturo Arias (defendant) pled guilty to trafficking cocaine on 1 July 2003. As part of the plea agreement, the State agreed to dismiss a charge of conspiracy to traffic cocaine and to defer sentencing to allow defendant to render substantial assistance to the State. The trial court noted the term "substantial assistance" meant "identification, arrest or conviction of any accomplice, accessories or co-conspirator or [principals]." The State then agreed to an unsecured bond in the amount of $25,000. Defendant was not actually released from custody but was extradited to Maryland on 30 July 2003 to face pending charges. On 15 September 2003, a Maryland trial court sentenced defendant to two months imprisonment with a credit for two months served. Defendant was subsequently released from custody in Maryland and was deported to Mexico twice in 2004.

On 27 March 2006 defendant was stopped for a traffic incident in North Carolina and subsequently arrested. On 21 April 2006 he filed a motion to withdraw the guilty plea he entered in 2003. Defendant's motion was denied at a hearing held on 23 August 2006. The trial court sentenced defendant to an active term of seventy to eighty-four months imprisonment with the North Carolina Department of Correction. Defendant appeals.

Defendant raises two issues on appeal: (I) whether the trial court erred in denying his motion because the State failed to uphold its end of the plea agreement, and (II) whether the trial court erred in denying his motion on the basis of frustration of purpose.

*I*

[1] Defendant first argues the State is bound by the plea agreement which it breached by failing to release defendant from custody.

Defendant was therefore unable to render substantial assistance to the State, which was the purpose of the plea agreement, and he did not receive the benefit of the bargain. In denying defendant's motion to withdraw his guilty plea, the trial court found the State did not breach the plea agreement because the State dismissed the charge it said it would dismiss, it continued the sentencing to allow defendant to try to provide substantial assistance, and it agreed to the unsecured bond. The trial court noted defendant's extradition to Maryland was not something the State brought about, and therefore could not be the basis for arguing the State breached the plea agreement.

In examining a decision to grant or deny a motion to withdraw a guilty plea, an appellate court does not use an abuse of discretion standard but makes an independent review of the record. *State v. Marshburn*, 109 N.C. App. 105, 108, 425 S.E.2d 715, 718 (1993). Although there is no absolute right to withdraw a guilty plea, motions to do so will be liberally granted, particularly if made early in the proceedings. *State v. Handy*, 326 N.C. 532, 537, 391 S.E.2d 159, 161-62 (1990). The defendant must present a fair and just reason. *Id.* at 539, 391 S.E.2d at 162. Factors favoring withdrawal include: (i) whether the defendant has asserted his innocence, (ii) the strength of the State's evidence, (iii) the length of time between the guilty plea and the motion to withdraw it, and (iv) whether defendant has had legal representation at all relevant times. *Id.* at 539, 391 S.E.2d at 163. Other pertinent factors are misunderstanding of the consequences of a guilty plea, hasty entry of the plea, confusion, and coercion. *Id.* Once the defendant has made a sufficient showing, the State may counter by providing "evidence of concrete prejudice to its case by reason of the withdrawal of the plea." *Id.*

Using the factors listed above, defendant did assert his innocence in his motion to withdraw his guilty plea. However, he presented the motion three years after the plea was entered, an extremely lengthy amount of time. Also, defendant does not claim he was not represented by counsel and the record shows he had counsel at his plea hearing; nor does defendant claim misunderstanding, hasty entry, confusion or coercion regarding his plea.

Defendant has also failed to present a fair and just reason for allowing the withdrawal of his plea. Defendant stated he did not enter the plea knowingly and voluntarily because he did not know he was subject to extradition to Maryland. He knew about the pending charges in Maryland, however, because he waived extradition six months prior to pleading guilty in this case. Defendant also argues he

did not receive the benefit of the bargain he made with the State. It appears from the record, however, that the State fulfilled its promises listed in the transcript of plea. The State dismissed the charge it said it was going to and deferred sentencing. Beyond the transcript of plea, the State agreed to an unsecured bond so defendant could be released. Nowhere in the transcript of plea or the transcript of the plea hearing did the State agree to physically release defendant. Although defendant argues the agreement to defer sentencing was for the express purpose of allowing defendant out of custody so that he could render substantial assistance to the State, his release was not specifically made a condition of the plea agreement. We also note that no evidence was presented at the 23 August 2006 hearing that defendant attempted to render any assistance at all to the State throughout the three years following his guilty plea, whether he was in custody or out of custody.

Furthermore, the State presented evidence of concrete prejudice should the motion be granted, because the evidence in the case was destroyed over two years after defendant entered his guilty plea. The evidence destroyed included the cocaine collected near defendant at the drug bust, as well as a video taken of defendant's drug transaction. The lengthy delay between defendant's guilty plea and his motion, the lack of a fair and just reason, and the prejudice to the State overwhelmingly support the denial of defendant's motion. Therefore, this assignment of error is overruled.

## II

[2] Defendant's second argument regarding frustration of purpose is likewise untenable. "Changed conditions supervening during the term of a contract sometimes operate as a defense excusing further performance on the ground that there was an implied condition in the contract that such a subsequent development should excuse performance or be a defense . . . ." *Brenner v. Little Red Sch. House, Ltd.*, 302 N.C. 207, 211, 274 S.E.2d 206, 209 (1981) (citations and quotation marks omitted). Defendant argues the implied condition in the plea agreement was that defendant would be released from custody, in order for him to attempt to render substantial assistance to the State. However, the terms of the plea agreement were explicit, stating that sentencing would be deferred to a later date, not that the State must release defendant. The State's share of the bargain was to dismiss a charge, defer sentencing, and unsecure defendant's bond. The State upheld its end of the bargain. Moreover, frustration of purpose may not be invoked as a defense where the frustrating event was rea-

IN RE I.J. & T.J.

[186 N.C. App. 298 (2007)]

sonably foreseeable. *Id.* Here, defendant waived his extradition to Maryland well in advance of his guilty plea in the instant case and therefore he was aware of the likelihood of being extradited to Maryland. Thus, he may not rely on frustration of purpose for challenging the trial court's decision to deny his motion to withdraw guilty plea. Accordingly, we find the trial court did not err in denying defendant's motion.

No error.

Judges WYNN and ELMORE concur.