IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-407

Filed 21 May 2025

Durham County, Nos. 01CRS057717-310, 01CRS057718-310, 01CRS057719-310, 01CRS057720-310, 01CRS057721-310, 01CRS057722-310

STATE OF NORTH CAROLINA,

     v.

DANA ALDEN LATTA, JR., Defendant.

Appeal by defendant from order entered 18 January 2024 by Judge Michael O'Foghludha in Durham County Superior Court. Heard in the Court of Appeals 12 February 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Arneatha James, for the State.*
>
> *Darren Jackson for defendant-appellant.*

DILLON, Chief Judge.

Defendant Dana Latta appeals from an order denying his motion to withdraw his plea. We vacate and remand.

## I. Background

In November 2001, Defendant Dana Latta was indicted in Durham County for three counts of robbery with a dangerous weapon, two counts of attempted robbery with a dangerous weapon, and second-degree kidnapping.

In June 2002, Defendant entered into a plea agreement with the condition that

he would testify against his co-defendant and receive an active sentence of 61 to 83 months. Defendant was a prior record level (PRL) I at the time of the plea agreement.

When Defendant failed to appear at his sentencing hearing in November 2002, the trial court issued a warrant for his arrest. Defendant's co-defendant, though, did plead guilty at a probationary hearing. The charges against Defendant were ultimately dismissed.

Defendant went missing from North Carolina for twenty years, during which he gained multiple criminal convictions in other states. In March 2022, Defendant was arrested in Vance County for possession of a Schedule II substance and was served with his Order for Arrest issued in the 2002 Durham County cases.

In May 2022, Defendant was transferred to the Durham County Detention Center, and all his previously dismissed cases were reinstated.

In January 2024, Defendant filed a motion to set aside his 2002 plea agreement and/or dismiss those charges. After a hearing on the matter, the trial court denied Defendant's motion. Upon this guilty plea, Defendant was sentenced as a PRL IV in the mitigated range of 71 to 95 months. Defendant timely appealed.

## II. Analysis

Defendant makes two arguments on appeal. The first argument concerns the trial court's failure *before pronouncing sentence* to grant Defendant's motion to withdraw from the 2002 plea agreement based on Defendant's change of heart regarding that agreement. Defendant's second argument concerns the trial court's

failure *after pronouncing sentence* to inform Defendant of his right to withdraw from the 2002 plea agreement, a right which sprang from the trial court's imposition of a sentence greater than Defendant had agreed to. We address each issue in turn.

A. Motion to vacate plea agreement

Defendant argues that the trial court erred in denying his motion to set aside his 2002 plea agreement or otherwise dismiss the matter prior to the trial court pronouncing sentence.

"In reviewing a trial court's denial of a defendant's motion to withdraw a guilty plea made before sentencing, the appellate court does not apply an abuse of discretion standard but instead makes an independent review of the record." *State v. Chery*, 203 N.C. App. 310, 312 (2010) (internal quotation omitted). There is no absolute right to withdraw a guilty plea. *Id*. However, a defendant may seek to withdraw a guilty plea prior to sentencing and is "generally accorded that right if he can show any fair and just reason." *State v. Handy*, 326 N.C. 532, 536 (1990). When a defendant files a motion to withdraw a guilty plea, he has the burden to show it is supported by a "fair and just reason." *State v. Meyer*, 330 N.C. 738, 743 (1992).

Our Supreme Court in *State v. Handy* set forth (non-exclusive) factors to consider when determining whether there is a fair and just reason to withdraw a guilty plea:

> whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to

change it, and whether the accused has had competent counsel at all relevant times. Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration.

326 N.C. 532, 539 (1990).

Here, Defendant fails to address any of these factors. Instead, his only argument is that he fully cooperated with the investigation and aided in the apprehension of another felon. Our Supreme Court has stated that when a defendant fails to show any fair or just reason for the withdrawal of a guilty plea, the trial court may deny the motion for withdrawal. *See State v. Taylor*, 374 N.C. 710, 725 (2020). Based on an independent review of the record, we conclude there is no evidence to indicate that Defendant ever asserted legal innocence, nor was there evidence of incompetent counsel or misunderstanding of what a guilty plea entails.

Additionally, the twenty-year time span between his agreement and the motion to withdraw the plea weighs heavily against Defendant. When reviewing a motion to withdraw a guilty plea, our Court "place[s] heavy reliance on the length of time between a defendant's entry of the guilty plea and motion to withdraw the plea." *State v. Robinson*, 177 N.C. App. 225, 229 (2006). The reasoning is that:

A swift change of heart is itself strong indication that the plea was entered in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

*Handy*, 326 N.C. at 539. In *Handy*, the defendant requested to withdraw his guilty plea less than twenty-four hours after its entry. *Id.* at 540. Here, twenty years passed between Defendant's plea and his motion to withdraw. During this time, there was no indication that he wavered on his decision. Therefore, this factor weighs heavily against Defendant.

The remaining factor, whether there is prejudice to the State, is only addressed if "defendant has carried his burden of proof that 'fair and just' reason supports his motion to withdraw." *State v. Hatley*, 185 N.C. App. 93, 101 (2007). Here, Defendant failed to provide any fair and just reason to withdraw the guilty plea. Therefore, this factor is not addressed.

Because there was no fair or just reason provided to support the motion to withdraw the guilty plea, we hold the trial court did not err in denying the motion.

## B. Failure to comply with N.C.G.S. § 15A-1024

In his second argument, Defendant contends the trial court erred by failing to comply with N.C.G.S. § 15A-1024, specifically by failing to allow him to withdraw from the 2002 plea agreement after the trial court decided to impose a sentence greater than that which Defendant had agreed to.

"A question of statutory interpretation is ultimately a question of law," *Brown v. Flowe*, 349 N.C. 520, 523 (1998), which we review de novo, *see Blue v. Bhiro*, 381 N.C. 1, 5 (2022).

Section 15A-1024 reads as follows:

> If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.

"Under the express provisions of this statute a defendant is entitled to withdraw his plea and as a matter of right have his case continued until the next term." *State v. Williams*, 291 N.C. 442, 446-47 (1976). *See also State v. Puckett*, 299 N.C. 727, 730-31 (1980). "[A]ny change by the trial judge in the sentence that was agreed upon by the defendant and the State. . . requires the judge to give the defendant an opportunity to withdraw his guilty plea." *State v. Marsh*, 265 N.C. App. 652, 655 (2019).

Defendant contends that the judge failed to inform Defendant of his right to withdraw his plea when the judge decided to impose a sentence other than that agreed to in Defendant's 2002 plea agreement. Specifically, in the original plea agreement, Defendant agreed to term of 61 to 83 months. At the time of sentencing in 2022, the trial court sentenced Defendant to a minimum term of 71 to 95 months. Although the sentencing occurred during the same hearing that Defendant separately moved to withdraw the guilty plea, the trial judge did not inform Defendant that he may withdraw his plea because the sentencing would be different than that which he agreed to. Therefore, we conclude the trial court failed to comply with N.C.G.S. § 15A-1024. Accordingly, we vacate the judgment and remand for

further proceedings.

## III. Conclusion

We hold that the trial court did not err in denying Defendant's motion to withdraw his plea prior to sentencing or otherwise to dismiss the charges altogether, as Defendant failed to meet his burden of showing the existence of a fair and just reason to allow him to withdraw his plea.

However, because the trial court decided later in the hearing to impose a sentence greater than that agreed to by Defendant in his plea agreement, we conclude the court erred by failing to inform Defendant of Defendant's *right* under Section 15A-1024 of our General Statutes to then withdraw his plea. We, therefore, must vacate the judgment sentencing Defendant to 71 to 95 months.

We, therefore, vacate and remand the matter for a new sentencing hearing. On remand, the trial court may reconsider and sentence Defendant to a term not to exceed that which Defendant agreed on in the 2002 plea agreement. Or, if the trial court maintains that a greater sentence is warranted, Defendant shall be afforded the opportunity to withdraw his plea and proceed under Section 15A-1024.

VACATED AND REMANDED.

Judges COLLINS and FLOOD concur.