An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1039

Filed 5 November 2025

Lenoir County, Nos. 22CR050595-530, 22CR050611-530

STATE OF NORTH CAROLINA

v.

MAURICE J. FOREMAN, Defendant.

Appeal by defendant from judgment entered 23 October 2023 and amended 9 January 2024 by Judge William W. Bland in Lenoir County Superior Court. Heard in the Court of Appeals 23 September 2025.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Elizabeth Curran O'Brien, for the State-appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Candace Washington, for defendant-appellant.*

PER CURIAM.

Defendant Maurice J. Foreman appeals the judgment entered against him through an *Alford* guilty plea. Defendant was convicted of attempted first-degree murder and first-degree forcible sex offense and sentenced to 317 to 441 months' imprisonment. The trial court also entered a no-contact order as a condition of judgment, and a section 15A-1340.50 permanent no-contact order with the victim, the

mother of defendant's child, and required that defendant register with the sex offender registry upon release.

Defendant filed a petition for writ of certiorari alongside his brief due to his limited right of appeal from an *Alford* guilty plea. Defendant objected to the no-contact orders on the basis of his parental rights as the father of the victim's child. Defendant filed a written notice of appeal of the judgment and the permanent no-contact order. The trial court brought defendant back to court because defendant was not given an opportunity to sign the form, AOC-CR-620, regarding the permanent no-contact order. Defendant made an oral motion to withdraw his plea, but the trial court orally denied it after determining there was no manifest injustice and that defendant voluntarily and intelligently entered his plea. The trial court did not enter a written order for the denial of defendant's motion to withdraw his plea.

Defendant did not appeal the denial of the motion to withdraw his plea and now seeks writ of certiorari for jurisdictional purposes. Upon review, we grant the petition for writ of certiorari for the limited purpose of remanding for the trial court to properly enter a written order for the denial of the motion to withdraw the *Alford* guilty plea and include the findings of fact and conclusions of law pursuant to N.C.G.S. § 15A-1420(c)(7).[1]

---

[1] Here, defendant's petition for writ of certiorari demonstrates error and extraordinary circumstances. *See Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572–73 (2023) (cleaned up).

"A motion to withdraw a guilty plea made before sentencing is significantly different from a post-judgment or collateral attack on such a plea, which would be by a motion for appropriate relief." *State v. Handy*, 326 N.C. 532, 536 (1990). "A motion for appropriate relief is a *post-verdict* motion (or a post-sentencing motion where there is no verdict) made to correct errors occurring prior to, during, and after a criminal trial." *Id.* at 535. Entry of judgment occurs when the sentence is pronounced. *Id.* (cleaned up). "Where the guilty plea is sought to be withdrawn by the defendant after sentence, it should be granted only to avoid manifest injustice." *Id.* at 536 (cleaned up).

There are statutory procedures for a motion for appropriate relief. Such procedures are laid out within section 15A-1420(c). Specific to this case, the trial court "must rule upon the motion and enter its order accordingly." N.C.G.S. § 15A-1420(c)(7) (2023). Further, the trial court must make conclusions of law and "a statement of the reasons for its determination" when a defendant asserts constitutional violations as grounds for his motion for appropriate relief. *Id.*

In the present case, defendant moved to withdraw his plea after the judgment was entered, thus qualifying as a motion for appropriate relief. Defendant suggested through his attorney that he wanted to hire a lawyer but provided no other explanation. The trial court determined there was no manifest injustice and orally denied the motion. However, there is no order in the record before us. Given the

plain language of the statute, we determine this case must be remanded for the trial court to enter a written order on defendant's motion for appropriate relief.

REMANDED.

Before a panel consisting of Judges GORE, FLOOD, and FREEMAN.

Report per Rule 30(e).