STATE OF NORTH CAROLINA v. RICHARD ROM ELLEDGE

No. 7123SC702

(Filed 2 February 1972)

1. **Constitutional Law § 32; Criminal Law § 21— waiver of preliminary hearing — absence of counsel**

   An indigent defendant who waived a preliminary hearing at a time when he was not represented by counsel failed to show that he was prejudiced by the absence of counsel, notwithstanding that he was entitled to counsel at the time of waiver. G.S. 7A-451.

2. **Criminal Law § 23— withdrawal of guilty plea**

   Withdrawal of a plea of guilty after its acceptance by the court is not a matter of right, and a motion to be allowed to do so is addressed to the sound discretion of the trial court.

3. **Criminal Law § 23— validity of guilty pleas — waiver of preliminary hearing in absence of counsel**

   Although an indigent defendant had a statutory right to counsel at the time he waived preliminary hearing in 1970, the failure to accord him this statutory right did not as a matter of law invalidate his subsequent pleas of guilty to felonious breaking and entering and felonious larceny, where the pleas were given at a time when defendant was represented by counsel and the trial court fully inquired into and determined the voluntariness of the pleas, and where defendant's pleas of guilty were not induced by the fact he had not been accorded his statutory right to appointment of counsel at the time he was brought before the court for the preliminary hearing or by the fact he waived such a hearing.

4. **Criminal Law § 146— appeal from guilty plea — question presented**

   Appeal from the sentence imposed upon defendant's pleas of guilty presented only one question for review on appeal, whether error of law appears on the face of the record proper.

5. **Constitutional Law § 33— self-incrimination — defendant's testimony in trial of another defendant**

   A defendant who, after he had entered a guilty plea but before his sentence of imprisonment had been imposed, was required to testify as a State's witness in the trial of another defendant for the same

State v. Elledge

crimes which defendant had pleaded guilty *is held* not deprived of his right against self-incrimination.

**6. Indictment and Warrant § 7— requisites of information**

Although the information signed by the solicitor was referred to in the record as a presentment, such "presentment" was fully effective as an information. G.S. 15-140.1.

APPEAL by defendant from *Exum, Judge,* 21 June 1971 Criminal Session of Superior Court held in WILKES County.

At the 27 July 1970 special criminal session of Superior Court held in Wilkes County, at which Judge J. William Copeland presided, defendant, represented by court-appointed counsel, waived the finding and return into open court of a bill of indictment and consented to be tried on an information signed by the solicitor charging defendant with (1) felonious breaking and entering and (2) felonious larceny. As required by G.S. 15-140.1, defendant and his counsel signed a written waiver of indictment, which appeared on the face of the information. Upon arraignment, defendant pleaded guilty to both charges. Before approving acceptance of the pleas, Judge Copeland examined defendant as to whether he did so voluntarily and with full understanding. At the conclusion of this examination defendant signed and swore to a written transcript of the pleas. Judge Copeland thereupon found that defendant's pleas of guilty were freely, understandingly and voluntarily made, and ordered that defendant's pleas of guilty be entered in the record. Prayer for judgment was continued until the next session of Superior Court to be held in Wilkes County, and defendant was released on bond.

Defendant failed to appear at the sessions of Superior Court held in Wilkes County which were held in October and December 1970 and in February and April 1971, and capiases were issued at each session for his arrest. Thereafter, defendant was arrested on a capias, was allowed a new bond, and was again released from custody. Defendant, represented by counsel, appeared at the session of Superior Court held for the trial of criminal cases in Wilkes County which commenced on 21 June 1971, at which Judge James G. Exum, Jr., presided. Defendant moved to be permitted to withdraw his pleas of guilty and moved to remand the case for preliminary hearing, on the ground that he had not been afforded an attorney at the time he had waived a preliminary hearing. After hearing on these motions, at which defendant testified in support of his motions, Judge Exum entered an order making findings of fact and con-

clusions of law, including findings and conclusions that defendant's pleas of guilty entered at the July 1970 session had been freely, understandingly and voluntarily made. Judge Exum denied both of defendant's motions and entered judgment upon defendant's pleas of guilty, sentencing defendant to prison for not less than four nor more than ten years, but directing that defendant be given credit for time spent in jail awaiting trial. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney Eugene Hafer for the State.*

*J. Gary Vannoy for defendant appellant.*

PARKER, Judge.

Appellant's first two assignments of error are directed to Judge Exum's denial of his motion to be permitted to withdraw his pleas of guilty and denial of his motion to remand the case for a preliminary hearing. These assignments of error are without merit and are overruled.

[1]   This criminal proceeding was commenced 18 March 1970 by issuance of a warrant charging defendant with the two felonies for which he was ultimately sentenced. Defendant was arrested on this warrant on 8 May 1970. On 1 June 1970 he was brought for a preliminary hearing before the Mayor's Court of the Town of North Wilkesboro, district courts not yet having been established in Wilkes County. G.S. 7A-131(3). He waived preliminary hearing before the Mayor's Court and agreed to be bound over to the next regular session of Superior Court to be held in Wilkes County. At the time he did this he was indigent and was not represented by counsel. He now contends that his constitutional rights were violated in that he was not represented by counsel when he waived the preliminary hearing. He further contends that because his rights had been violated at that time, Judge Exum committed reversible error when he later refused to permit him to withdraw his pleas of guilty and denied his motion to remand the case for preliminary hearing. We do not agree.

[2]   Withdrawal of a plea of guilty after its acceptance by the court is not a matter of right, and a motion to be allowed to do so is addressed to the sound discretion of the trial court. *State*

*v. Wynn,* 278 N.C. 513, 180 S.E. 2d 135; *State v. Crandall,* 225 N.C. 148, 33 S.E. 2d 861; *State v. Morris,* 2 N.C. App. 611, 163 S.E. 2d 539. On the present record no abuse of discretion on the part of the trial court has been made to appear.

[1, 3, 4] The rule announced in *Coleman v. Alabama,* 399 U.S. 1, 26 L.Ed. 2d 387, 90 S.Ct. 1999, decided by the United States Supreme Court on 22 June 1970, three weeks after defendant here had waived preliminary hearing, is not to be applied retroactively. *State v. Hager,* 12 N.C. App. 90, 182 S.E. 2d 588. Prior to the decision in *Coleman,* the Supreme Court of North Carolina had held in *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740, that the waiving of a preliminary hearing by a defendant in a criminal proceeding in this State was not such a "critical stage" of the proceeding as to require the presence of counsel, absent anything in the record to indicate that the defendant was actually prejudiced thereby. In the present case, as in *Gasque,* nothing in the record indicates that defendant was in the slightest degree prejudiced by the fact that he was not represented by counsel when he was brought before the Mayor's Court for preliminary hearing or that he was in any way prejudiced by his action in waiving that hearing. It is true that by G.S. 7A-451, which was enacted by the Legislature in 1969, defendant was entitled to be provided with services of counsel at the time he waived the preliminary hearing in this case, but the failure to accord him this statutory right at that time did not, under the circumstances of this case, as a matter of law require the striking of his subsequently tendered pleas of guilty, made by him while represented by counsel and accepted by the trial court only after conducting a searching inquiry which was fully recorded and which fully supports the court's recorded determination that defendant's pleas were "freely, understandingly and voluntarily" made. Defendant does not contend on this appeal, nor does anything in the record even suggest, that defendant's pleas of guilty were in the slightest degree induced by the fact that he was not accorded his statutory right to the appointment of counsel at the time he was brought before the court for the preliminary hearing or by the fact that he waived such a hearing. What was said by Parker, C.J. in the opinion in *State v. Caldwell,* 269 N.C. 521, 526, 153 S.E. 2d 34, 38, is pertinent here:

> "Defendant has not shown that there has been any violation of his fundamental constitutional rights or that he

was denied the substance of a fair trial in a situation where he was not in a position to protect himself because of ignorance, duress, or other reasons for which he should not be held responsible. The record shows affirmatively that defendant, who was represented by counsel, understood the charges against him, the nature and effect of his pleas of guilty, and the maximum sentences which might lawfully be imposed upon him if he entered such pleas, and that he entered the pleas of guilty to the offenses charged voluntarily, without threats or inducements or promises, and with a full understanding of the effect and possible consequences of such pleas of guilty."

Furthermore, defendant's pleas of guilty, understandingly and voluntarily made at a time when he was fully accorded assistance of counsel, waived constitutional rights, among them the right to trial by jury and the incidents thereof, far more fundamental than were his rights to receive a preliminary hearing or to receive advice of counsel before waiving such a hearing. Appeal from the sentence imposed upon his pleas of guilty, made under the circumstances of this case, presents for review only one question, whether error of law appears on the face of the record proper. *State v. Greer,* 270 N.C. 143, 153 S.E. 2d 849; *State v. Caldwell, supra.* None appears on the face of the present record.

[5] Appellant's final assignment of error is that he was denied his constitutional right against self-incrimination when he was required to testify as a witness for the State in the trial of the case of *"State v. Jerry Wayne Bauguess,"* in which Bauguess was being tried for the same crimes to which defendant had already pleaded guilty. The Bauguess trial took place in Superior Court held in Wilkes County in June 1971, almost a year after defendant, Richard Rom Elledge, had entered his pleas of guilty, but prior to the time sentence was imposed upon defendant Elledge. Defendant objected to being required to testify in the Bauguess trial on the grounds that his testimony would tend to incriminate him of the same offenses to which he had already pleaded guilty. Judge Exum, presiding at the Bauguess trial, after ascertaining that defendant Elledge had already pleaded guilty, overruled the objection and required Elledge to testify. Defendant then testified, giving a detailed account of the manner

---

State v. Elledge

---

in which he had committed the crimes, but exonerating Bauguess.

The question presented by appellant's final assignment of error is whether the privilege against self-incrimination ends with a defendant's plea of guilty or continues until after he has been sentenced. On this question we find no controlling decision by the Supreme Court of this State, and authorities elsewhere are divided. See Annotation, 9 A.L.R. 3d 990. However, a careful examination of the record in the case now before us makes abundantly clear that the present appellant was in no way prejudiced by being required to testify. While his testimony comprised a detailed confession of guilt, it placed him in no more heinous light than had his previously entered formal pleas of guilty. The sentence ultimately imposed was certainly not unduly severe, and nothing in the record even tends to suggest that his sentence was in the slightest degree increased because of anything which he said while testifying at the Bauguess trial. While recognizing the logic of those authorities which hold that the privilege against self-incrimination continues until after sentence is imposed, we hold that defendant under the circumstances of this case suffered no prejudice in being required to testify. Accordingly, appellant's final assignment of error is overruled.

[6] We note that the information signed by the solicitor, which contained the charges against defendant and on which he consented to be tried, is referred to in the record as a "presentment." "In this jurisdiction, the accepted definition of the word 'presentment' is as follows: 'A presentment is an accusation of crime made by a grand jury on its own motion upon its own knowledge or observation, or upon information from others without any bill of indictment, but since the enactment of G.S. 15-137 trials upon presentments have been abolished and a presentment amounts to nothing more than an instruction by the grand jury to the public prosecuting attorney to frame a bill of indictment.' " *State v. Wall*, 271 N.C. 675, 157 S.E. 2d 363. Judge Exum noted the error in nomenclature in the present record and correctly held that, despite this error, the so-called "presentment" in the present case was effective as an information of the solicitor. It fully complied with the requirement of G.S. 15-140.1 that "[t]he information shall contain as full and

complete a statement of the accusation as would be required in an indictment."

On this appeal we find

No error.

Judges CAMPBELL and MORRIS concur.