STATE v. GRAHAM

[122 N.C. App. 635 (1996)]

STATE OF NORTH CAROLINA v. WELTON WESLEY GRAHAM, Defendant

No. COA95-652

(Filed 4 June 1996)

**Criminal Law § 146 (NCI4th)— withdrawal of guilty plea denied—fair and just reason for withdrawal not shown**

A defendant who entered a negotiated guilty plea to robbery with a dangerous weapon, assault with a deadly weapon with intent to kill inflicting serious injury, second degree sexual offense, and first-degree kidnapping failed to show a fair and just reason for withdrawal of the plea and the trial court properly denied defendant's motion for withdrawal. Defendant willingly engaged in protracted plea negotiations with the State; he made no motion to withdraw his plea until nearly five weeks after entering the plea; he made no concrete assertion of innocence; the State's evidence against defendant is strong; there is no indication that defendant did not receive effective assistance of counsel; the record does not reveal that defendant's plea was anything other than voluntarily and understandingly entered; and the record is clear that defendant was properly advised of the mandatory minimum sentence that he faced under the agreement.

**Am Jur 2d, Criminal Law §§ 500 et seq.**

Appeal by defendant from order entered 5 February 1995 by Judge Wiley F. Bowen in Wake County Superior Court. Heard in the Court of Appeals 20 February 1996.

On 12 April 1993, defendant Welton Wesley Graham was indicted on charges of robbery with a dangerous weapon of Robert Prentis McCall, assault with a deadly weapon with intent to kill inflicting serious injury on Mr. McCall, and first degree sexual offense and first degree kidnapping of Teresa L.C. Rodriguez. All charges stemmed from the events of the night of 25 January 1993, when defendant allegedly beat Mr. McCall with a hammer, slit his throat while robbing him, and then kidnapped and sexually assaulted Ms. Rodriguez. On 23 August 1993, defendant entered pleas of not guilty to the offenses charged.

On 19 July 1994, defendant came before Judge Robert L. Farmer and entered a negotiated plea of guilty to robbery with a dangerous weapon, assault with a deadly weapon with intent to kill inflicting

serious injury, second degree sexual offense, and first degree kidnapping. Pursuant to this plea agreement, the first degree sexual offense charge which carried a mandatory life sentence was reduced to second degree sexual offense. The trial court then continued prayer for judgment for thirty days.

On 24 August 1994, defendant filed a "Motion for Withdrawal of Plea" alleging, *inter alia,* that he wished to withdraw his guilty plea because (1) he had "always felt that he was not guilty . . . ," (2) the evidence was insufficient to convict him, (3) he believed strongly in his right to jury trial and wished to exercise that right, and (4) he was persuaded by his attorney to enter the guilty pleas and he stated that it was not in his best interest to plead guilty. On 5 February 1995, Judge Wiley F. Bowen entered an order denying defendant's motion, and on 8 March 1995, Judge Stafford G. Bullock sentenced defendant to two consecutive thirty year sentences.

Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Jill Ledford Cheek, for the State.*

*John T. Hall for defendant-appellant.*

EAGLES, Judge.

Defendant argues that the trial court erred in failing to grant his motion to withdraw his guilty plea. We disagree.

In *State v. Handy,* 326 N.C. 532, 391 S.E.2d 159 (1990), our Supreme Court held that a "presentence motion to withdraw a plea of guilty should be allowed for any fair and just reason." *Id.* at 539, 391 S.E.2d at 162. The court in *Handy* identified several factors which, if present, would favor the granting of defendant's motion to withdraw his guilty plea.

> Some of the factors which favor withdrawal include whether the defendant has asserted his legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times. Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration.

*State v. Meyer,* 330 N.C. 738, 743, 412 S.E.2d 339, 342 (1992) (quoting *Handy,* 326 N.C. at 539, 391 S.E.2d at 163). "After a defendant has

come forward with a 'fair and just reason' in support of his motion to withdraw, the State 'may refute the movant's showing by evidence of concrete prejudice to its case by reason of the withdrawal of the plea.'" *Id.* We review the record independent of the trial court's action and we must determine, "considering the reasons given by the defendant and any prejudice to the State, if it would be fair and just to allow the motion to withdraw." *State v. Marshburn,* 109 N.C. App. 105, 108, 425 S.E.2d 715, 718 (1993).

Here, defendant had willingly engaged in protracted plea negotiations with the State. Often over his attorney's advice, defendant continued to hold out seeking a better deal. Finally, on the eve of trial with the State's witnesses and evidence aligned against him, defendant accepted the plea agreement that is before us now. That agreement allowed defendant to avoid the mandatory life sentence that would be required upon conviction of first degree sexual offense, and instead provided for a maximum sentence of 140 years on all charges with a mandatory minimum sentence of 14 years for robbery with a dangerous weapon. Defendant admitted on cross-examination that previously "on several occasions" he had "come into court and gone over a transcript with [his] lawyer and entered a plea of guilty."

Defendant made no motion to withdraw his plea until nearly five weeks after entering his plea of guilty. Upon filing his motion, defendant made no concrete assertion of innocence, stating only that he "always felt that he was not guilty . . . ." The transcript of plea, however, reveals that defendant answered "yes" to the court's question "are you in fact guilty?" Further, defendant's trial attorney L. Michael Dodd testified that, prior to defendant accepting the plea, he stated to defendant "[i]f you don't feel you are guilty don't take it."

As a standard practice, Mr. Dodd kept extensive and detailed notes of his conversations with clients and these notes formed the basis of his testimony. Mr. Dodd testified that his notes reflect no conversation in which he coerced or persuaded defendant to accept the guilty plea. At the motion hearing, the court asked defendant if he was "dissatisfied with Mr. Dodd and his legal services . . . ," and defendant answered "no, sir." The trial judge then repeated his question asking "you are not?" Defendant again replied "no, sir." Moreover, defendant stated at the plea hearing that "Mr. Dodd did the best job he could do . . . ."

Finally, our review of the record reveals, contrary to defendant's assertion, that the State's evidence against defendant here is strong.

The State's forecast of evidence indicated a wealth of both testimonial and physical evidence tending to prove that defendant committed each of the crimes charged. We find it unnecessary to set out in further detail the extensive evidence against defendant.

In sum, we conclude that defendant has failed to show a fair and just reason for withdrawal and that the trial court properly denied defendant's motion. We have examined defendant's remaining assignments of error and find them without merit, as the denial of a motion to withdraw a guilty plea does not *ipso facto* give rise to constitutional violations. *See, e.g., Handy,* 326 N.C. at 538-40, 391 S.E.2d at 162-64; *State v. Elledge,* 13 N.C. App. 462, 466, 186 S.E.2d 192, 195 (1972). There is no indication here that defendant did not receive effective assistance of counsel, nor does the record reveal that defendant's plea was anything other than voluntarily and understandingly entered. In addition, the record is clear that defendant was properly advised of the mandatory minimum sentence that he faced under the plea agreement.

Affirmed.

Judges JOHN and WALKER concur.