STATE OF NORTH CAROLINA v. MICHALE GREYLEN ROBINSON, Defendant

No. COA05-499

(Filed 18 April 2006)

**1. Criminal Law— request to withdraw guilty plea—confusion as to terms of plea agreement**

The trial court did not err in a trafficking in cocaine case by denying defendant's request to withdraw his guilty plea made before sentencing based on alleged confusion as to the terms of the plea agreement regarding whether he had to testify against his brother truthfully, or truthfully and consistently with his earlier statement to law enforcement, because: (1) defendant moved to withdraw his guilty plea approximately three and one-half months after its entry; (2) defendant asserted neither legal innocence nor lack of representation by counsel at all relevant times; (3) defendant did not argue misunderstanding of the consequences of a guilty plea, hasty entry of the plea, or coercion; (4) the plea agreement stated defendant would testify truthfully and consistently with prior statements to law enforcement, and there was no ambiguity in the written statement; (5) defendant testified

to his understanding of the agreement, and defendant understood the guilty plea process; and (6) defendant did not present any fair or just reason to allow the withdrawal of his guilty plea.

**2. Criminal Law— request to withdraw guilty plea—meeting of minds**

The trial court did not err in a trafficking in cocaine case by denying defendant's request to withdraw his guilty plea even though defendant contends the plea agreement was void as there was no meeting of the minds as to whether defendant was to testify against his brother truthfully, or truthfully and in conformity with his earlier statements to law enforcement, because: (1) defendant testified that he understood the plea agreement required him to testify truthfully and consistently with his previous statement to law enforcement officers; (2) although defendant contends a sergeant testified that defendant only had to testify truthfully, the sergeant's understanding is irrelevant when he is not a party to the plea agreement; and (3) defendant presented no evidence that the prosecutor had a different understanding than that of the text of the agreement.

**3. Criminal Law— plea agreement—failure to provide substantial assistance to law enforcement**

The trial court did not abuse its discretion in a trafficking in cocaine case by finding that defendant did not provide substantial assistance to law enforcement and by failing to depart from the statutorily mandated sentence, because the trial court's decision was not manifestly unsupported by reason.

Appeal by Defendant from judgment entered 5 November 2004 by Judge J. Gentry Caudill in Superior Court, Catawba County. Heard in the Court of Appeals 6 March 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Ashby T. Ray, for the State.*

*Anne Bleyman, for defendant-appellant.*

WYNN, Judge.

A criminal defendant seeking to withdraw a guilty plea before sentencing is "generally accorded that right if he can show any fair and just reason." *State v. Handy*, 326 N.C. 532, 536, 391 S.E.2d 159, 161 (1990) (citation omitted). In this case, Defendant argues that the

trial court should have allowed him to withdraw his guilty plea because there was confusion as to the terms of the plea agreement. Because the written terms of the plea agreement were clear and Defendant testified to his understanding of the terms of the agreement, we hold that Defendant presented no fair or just reason to allow the withdrawal of his guilty plea.

The State's evidence tended to show the following: In August 2001, law enforcement found between 200 and 400 grams of cocaine at Defendant's residence pursuant to a search warrant. In September 2002, Defendant's brother, Eric Wimbush, was indicted on federal drug charges. Shortly thereafter, the United States Attorney's office served Defendant with a target letter identifying him as a target, in the same case as his brother, on conspiracy charges involving the sale of cocaine.

Christopher Patrick LaCarter, a sergeant for the Hickory Police Department and a member of the Federal Bureau of Investigation's Catawba Valley Drug Task Force, interviewed Defendant on 9 December 2002. During the interview, Defendant stated he had purchased crack cocaine from Wimbush and had seen Wimbush sell crack cocaine to other people and provided their names. Sergeant LaCarter provided this information to the Assistant United States Attorney handling Wimbush's case.

On 10 February 2003, Defendant was indicted by the State of North Carolina for trafficking in cocaine by possession of more than 200 grams but less than 400 grams of cocaine; feloniously maintaining a place for controlled substances; and, misdemeanor possession of drug paraphernalia. On 12 July 2004, Defendant pled guilty to the charge of trafficking pursuant to a plea agreement with the State and the remaining charges were dismissed. The transcript of plea agreement included the following terms and conditions:

Sentencing shall be continued. The [defendant] shall testify truthfully if called upon to do so in the case US v Wimbush. The State stipulates that said testimony shall be considered "substantial assistance" at sentencing.

Before entry of the plea, the phrase "[Defendant] will testify truthfully [and] consistent w[ith] prior statements to law enforcement" was added to the terms and conditions of the transcript of plea and was initialed by Defendant, defense counsel, and the prosecutor. The

trial judge entered a judgment accepting Defendant's plea and deferring sentencing until the 1 November 2004 Criminal Session to give Defendant the opportunity to provide substantial assistance to law enforcement in the federal government's case against Wimbush.

Approximately one month before Wimbush's trial was scheduled to begin, Assistant United States Attorney Matt Martens met with Defendant in preparation for the trial. During this meeting, Defendant denied most of the key elements of his 2002 statements to Sergeant LaCarter, including any personal knowledge of Wimbush's involvement in cocaine distribution. Mr. Martens attempted to meet with Defendant again before trial, but Defendant would not agree to meet with him. Defendant testified that he was unable to meet with Mr. Martens due to a job interview. Defendant stated that he would testify truthfully if called as a witness, but refused to tell Mr. Martens what his testimony would be until he was under oath on the witness stand. Mr. Martens did not call Defendant as a witness in the Wimbush case although Defendant was present for the duration of the trial pursuant to a subpoena.

At Defendant's sentencing hearing on 5 November 2004, Defendant moved to withdraw his guilty plea to trafficking in cocaine prior to sentencing. In support of his motion, defense counsel argued:

> When we pled guilty, the substantial assistance that my client was to render was to testify at his brother's federal trial, Your Honor, and testify truthfully. It was to testify truthfully at that trial and also consistently with his earlier statement. And I think the evidence will come out that my client was willing to testify truthfully at his brother's trial. However, in doing so, it may have been inconsistent with his earlier statement, which put him in a position where he could not comply with what he had agreed to do because if he testified truthfully it may have been inconsistent with his earlier statement.

At the same hearing, the State presented a letter dated 4 November 2004 from Mr. Martens to Officer Bryan Adams informing him that "[a]ny claim by [Defendant] to have provided assistance to the United States would be absolutely false."

After holding an evidentiary hearing at which Sergeant LaCarter testified as a witness for the State and Defendant testified on his own behalf, the trial court denied Defendant's motion to withdraw his guilty plea. The trial court found that Defendant had not provided

substantial assistance to law enforcement and sentenced Defendant to seventy to eighty-four months imprisonment and ordered him to pay a fine in the sum of $100,000.00. Defendant appeals.

On appeal, Defendant argues that the trial court (1) erred in denying his motion to withdraw his guilty plea and (2) abused its discretion by finding he had not provided substantial assistance to law enforcement.

[1] First, Defendant argues that the trial court erred in denying his motion to withdraw his guilty plea because there was confusion regarding his plea agreement. We disagree.

In reviewing a trial court's denial of a defendant's motion to withdraw a guilty plea made before sentencing, "the appellate court does not apply an abuse of discretion standard, but instead makes an 'independent review of the record.' " *State v. Marshburn*, 109 N.C. App. 105, 108, 425 S.E.2d 715, 718 (1993) (citation omitted). There is no absolute right to withdraw a plea of guilty, however, a criminal defendant seeking to withdraw such a plea before sentencing is "generally accorded that right if he can show any fair and just reason." *Handy*, 326 N.C. at 536, 391 S.E.2d at 161 (citation omitted). The defendant has the burden of showing his motion to withdraw his guilty plea is supported by some "fair and just reason." *State v. Meyer*, 330 N.C. 738, 743, 412 S.E.2d 339, 342 (1992). Our Supreme Court has set out the following factors for consideration of plea withdrawals:

> [1] whether the defendant has asserted legal innocence, [2] the strength of the State's proffer of evidence, [3] the length of time between entry of the guilty plea and the desire to change it, [4] and whether the accused has had competent counsel at all relevant times. [5] Misunderstanding of the consequences of a guilty plea, [6] hasty entry, [7] confusion, and [8] coercion are also factors for consideration.

*Handy*, 326 N.C. at 539, 391 S.E.2d at 163 (internal citation omitted).

This Court has placed heavy reliance on the length of time between a defendant's entry of the guilty plea and motion to withdraw the plea. *See State v. Graham*, 122 N.C. App. 635, 637-38, 471 S.E.2d 100, 101-02 (1996) (denying the defendant's motion to withdraw guilty plea made more than one month after its entry); *Marshburn*, 109 N.C. App. at 109, 425 S.E.2d at 718 (denying the defendant's motion to

withdraw guilty plea made at least eight months after entry of the guilty plea). In *Marshburn*, this Court elaborated,

> This context [referring to the eight month period between entry of the plea and the motion to withdraw] requires that the reasons given by a defendant must have considerably more force than would be the case if the motion comes only a day or so after the plea was entered or if the defendant did not have competent counsel at the time he entered the plea.

*Id.* (internal quotations and citations omitted).

Here, Defendant moved to withdraw his guilty plea approximately three and one-half months after its entry. This delay is similar to the facts in *Marshburn* and *Graham* where relief from the plea was denied, and distinguishes *Handy* which allowed the plea withdrawal where the plea had been entered twenty-four hours earlier. *See Handy*, 326 N.C. at 534-35, 391 S.E.2d at 160; *Marshburn*, 109 N.C. App. at 109, 425 S.E.2d at 718-19.

Moreover, Defendant asserted neither legal innocence nor lack of representation by counsel at all relevant times. *See Handy*, 326 N.C. at 539-40, 391 S.E.2d at 163 (in seeking to withdraw his guilty plea the defendant asserted his legal innocence). Nor has Defendant argued misunderstanding of the consequences of a guilty plea, hasty entry of the plea, or coercion. *See id.* at 539, 391 S.E.2d at 163.

The sole factor Defendant asserts is confusion over the conditions of the plea agreement. Defendant cites to *State v. Deal*, 99 N.C. App. 456, 393 S.E.2d 317 (1990), to support his argument that his guilty plea should have been withdrawn due to confusion. In *Deal*, this Court found that the defendant had low intellectual abilities and had a "basic misunderstanding of the guilty plea process." *Id.* at 464, 393 S.E.2d at 321.

Unlike in *Deal*, here, Defendant argues that there was confusion over whether he had to testify truthfully or truthfully and consistently with his earlier statement to law enforcement. Defendant asks the question, "What if it was impossible to do both?" But the written plea agreement specifically states "[Defendant] will testify truthfully [and] consistent w[ith] prior statements to law enforcement." There is no ambiguity in the written agreement. Moreover, Defendant testified to his understanding of the agreement as follows:

Mr. Reilly: Okay.—did you plead guilty to that charge?

Defendant: Plea bargain, yes.

Mr. Reilly: Okay. And what did you believe that plea bargain to be?

Defendant: It was supposed to have been probation if I testified to those statements that I made against my brother.

Mr. Reilly: Did you know—You knew there was a possibility that case would come to trial and that you would have to testify at that trial; is that correct?

Defendant: Yes.

Mr. Reilly: And that you were to testify truthfully?

Defendant: To those statements. That's what I was told, to the statements that I made.

Defendant understood that his plea agreement obligated him to testify truthfully and consistently with his previous statement. Defendant also testified that he lied in his first interview with law enforcement, so he was unable to testify both truthfully and consistently with his earlier statement. However, that is irrelevant, because Defendant was not confused as to the content of his plea agreement. Also, unlike in *Deal*, Defendant understood the guilty plea process. *See Deal*, 99 N.C. App. at 464, 393 S.E.2d at 321.

**[2]** Next, Defendant argues that the trial court erred in denying his motion to withdraw his guilty plea because the plea agreement was void as there was no "meeting of the minds" as to whether Defendant was to testify truthfully or truthfully and in conformity with his earlier statements to law enforcement. We disagree.

"In analyzing plea agreements, 'contract principles will be 'wholly dispositive' because neither side should be able . . . unilaterally to renege or seek modification simply because of uninduced mistake or change of mind.' " *State v. Lacey* 170 N.C. App. 370, 372, 623 S.E.2d 351, 356 (2006) (quoting *United States v. Wood*, 378 F.3d 342, 348 (4th Cir. 2004)). "It is essential to the formation of any contract that there be 'mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds.' " *Creech v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 911-12 (1998) (citation omitted).

As we stated previously, Defendant testified that he understood the plea agreement required him to testify truthfully and consistently with his previous statements to law enforcement. Defendant argues that Sergeant LaCarter testified that Defendant only had to testify truthfully. But Sergeant LaCarter's understanding is irrelevant as he is not a party to the plea agreement, as the prosecutor was the other party to the agreement. Defendant presented no evidence that the prosecutor had a different understanding than that of the text of the agreement.

Accordingly, the trial court did not err in denying Defendant's motion to withdraw his guilty plea.

[3] Lastly, Defendant argues that the trial court abused its discretion in concluding that he failed to provide substantial assistance to law enforcement and not departing from the statutorily mandated sentence for trafficking in cocaine. We disagree.

Section 90-95(h)(5) of the North Carolina General Statutes allows the trial court to depart from the statutorily mandated sentence if the defendant has rendered substantial assistance. Section 90-95(h)(5) provides in pertinent part:

> The sentencing judge *may* reduce the fine, or impose a prison term less than the applicable minimum prison term provided by this subsection, or suspend the prison term imposed and place a person on probation when such person has, to the best of his knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance.

N.C. Gen. Stat. § 90-95(h)(5) (2005) (emphasis added). "This Court has held 'that whether a trial court finds that a criminal defendant's aid amounts to 'substantial assistance' is *discretionary.*'" *State v. Wells*, 104 N.C. App. 274, 276, 410 S.E.2d 393, 394 (1991) (emphasis original) (citation omitted). The reduction of the sentence is also in the judge's discretion, even if the judge finds substantial assistance was given. *State v. Willis*, 92 N.C. App. 494, 498, 374 S.E.2d 613, 616 (1988), *disc. review denied*, 324 N.C. 341, 378 S.E.2d 808 (1989). "[T]o overturn a sentencing decision, the reviewing court must find an 'abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or con-

duct which offends the public sense of fair play.' " *Id.* (citation omitted). The trial court's decision to not reduce Defendant's sentence was not manifestly unsupported by reason; therefore, the trial court did not abuse its discretion. As there was no abuse of discretion by the trial court, we will not disturb the sentence on appeal.

Affirmed.

Chief Judge MARTIN and Judge STEPHENS concur.