STATE OF NORTH CAROLINA
v.
STEVEN DEAN BOBBITT.
No. COA07-270
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Dana B. French, for the State.
McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III, for defendant-appellant.
TYSON, Judge.
Steven Dean Bobbitt ("defendant") appeals from order entered denying his motion to withdraw his guilty plea and judgment entered for trafficking in cocaine by possession pursuant N.C. Gen. Stat. § 90-95(H)(3). We affirm.

I. Background
Defendant was indicted on 13 December 2004 for trafficking in cocaine by possession. At the plea hearing on 27 April 2005, the State's evidence tended to show that in early November 2004 Raleigh police officers received a tip from an informant that defendant would be leaving his residence in possession of cocaine. Police followed defendant's car from his house to a parking lot and stopped the vehicle. Defendant was riding in the passenger seat and cocaine was discovered in small bags in the car. Defendant was placed in custody and he later consented to a search of his house. Defendant directed the police officers to a location in the house where over 300 grams of cocaine was located. At the hearing, defendant entered a guilty plea in which the State agreed to defer sentencing to allow defendant to render substantial assistance.
Defendant failed to appear at his sentencing hearing scheduled for 8 August 2005 and was arrested on 29 November 2005. On 5 September 2006, defendant's motion to withdraw his guilty plea was heard. The trial court denied defendant's motion and found that he had failed to render substantial assistance and imposed an active sentence of a minimum of seventy months to a maximum of eighty-four months imprisonment. Defendant appeals.

II. Issues
Defendant argues the trial court erred by: (1) concluding he failed to show any fair and just reason to withdraw his guilty plea because he understood the consequences of his guilty plea and (2) determining he had not rendered substantial assistance to the police investigation.

III. Motion to Withdraw Guilty Plea
Defendant contends the trial court erred in denying his motion to withdraw his guilty plea because it found he understood the consequences of his guilty plea. We disagree.

A. Standard of Review
A decision to deny a defendant's motion to withdraw a guilty plea is not reviewed under the abuse of discretion standard, but upon an independent review of the record. State v. Handy, 326 N.C. 532, 539, 391 S.E.2d 159, 162 (1990). Although a defendant does not have an absolute right to withdraw a guilty plea, a motion to withdraw a guilty plea before sentencing will be granted liberally if the defendant presents a "fair and just reason" to withdraw. Id.
Factors which favor granting the motion include: (1) whether the defendant has asserted his innocence; (2) the strength of the State's evidence; (3) the length of time between the guilty plea and the motion to withdraw it; and (4) whether the defendant has had competent legal representation. Id. at 539, 391 S.E.2d at 163. Misunderstanding the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors to be considered. Id. Once a defendant makes the proper showing, the State may refute the defendant's motion by showing evidence of prejudice to the State if the motion is granted. Id.

B. Analysis
Here, the first time defendant asserted he was not guilty was upon examination by the trial judge at the 5 September 2006 hearing. The trial court asked defendant if he had told the trial judge at the 27 April 2005 plea hearing that he was in fact guilty, and defendant answered, "I might have told him that, but I don't think that I was. I just think that I went off the advice of my lawyer at the time."
Defendant admitted to Raleigh Police Detective L.T. Mashburn ("Detective Mashburn") after the house search that the drugs recovered were his and never asserted his innocence until the September 2006 hearing. Defendant's statement is not a bold assertion of innocence, but rather an equivocation about entering into the guilty plea.
Defendant presented evidence that prior to entering his guilty plea, he and his attorney had discussed filing a motion to suppress evidence because the attorney "had real questions about the validity of the stop and how that might hold up at a hearing." A motion to suppress was filed by defendant but was never heard because defendant ultimately decided to plead guilty. Within a week after entering the plea, defendant went to his trial counsel and told him that he wanted a new attorney and that he wanted to go to trial. Defendant now argues that he always had concerns about the strength of the State's case and that he only pled guilty on the advice of his lawyer. Defendant did not seek to file a motion to withdraw his guilty plea at any time until after he was arrested for failure to appear in November 2005.
Defendant failed to file his motion to withdraw his guilty plea until approximately eight months after his guilty plea was entered. This Court has previously placed great emphasis on the length of time that elapses between entry of a guilty plea and a motion to withdraw the plea. State v. Robinson, 177 N.C. App. 225, 229-30, 628 S.E.2d 252, 255 (2006). The passage of eight months is a longtime to allow a defendant to withdraw a guilty plea without defendant asserting strong reasons to allow withdrawal. See State v. Marshburn, 109 N.C. App. 105, 108-09, 425 S.E.2d 715, 718 (1993)(An eight month delay required a defendant to show "considerably more force" than if he requested withdrawal within one day or so of the plea being entered.)
Defendant's argument that he exhibited signs of being dissatisfied with his guilty plea immediately following its entry is in apposite. Mere dissatisfaction with a guilty plea is not the equivalent of an intention to withdraw the plea, and such intention must be manifested by filing a motion. See Handy, 326 N.C. at 536, 391 S.E.2d at 161 ("A fundamental distinction exists between situations in which a defendant pleads guilty but changes his mind and seeks to withdraw the plea before sentencing and [those cases] in which a defendant only attempts to withdraw the guilty plea after he hears and is dissatisfied with the sentence.")
Defendant also sought to withdraw his guilty plea because the plea was entered in haste and he was confused about the consequences of the plea. Defendant met with his attorney on more than one occasion before entering the guilty plea, including a two-hour session with his attorney. Defendant had sufficient time to discuss strategy with his attorney. Defendant's confusion about the consequences of his guilty plea stem from the possible effect of providing substantial assistance. Defendant does not claim to have been confused about the terms of the plea itself. At the plea hearing, defendant told the trial judge he understood the terms of the plea and accepted them. Evidence was also presented that the meaning of "substantial assistance" was explained to defendant by his attorney and Detective Mashburn. Defendant failed to show a "fair and just reason" for allowing him to withdraw his guilty plea. Handy, 326 N.C. at 539, 391 S.E.2d at 162. The State refuted defendant's motion with sufficient evidence to support the trial court's finding that defendant understood the terms and consequences of his guilty plea. This assignment of error is overruled.

IV. Failure to Render Substantial Assistance
Defendant argues the trial court erred by finding he did not render substantial assistance to the police. We disagree.
A trial judge has the authority to reduce a defendant's sentence if a defendant has "to the best of his knowledge, provided substantial assistance in the identification, arrest, or conviction of any accomplices, accessories, co-conspirators, or principals if the sentencing judge enters in the record a finding that the person to be sentenced has rendered such substantial assistance." N.C. Gen. Stat. § 90-95(h)(5) (2005). The determination of whether a defendant has rendered substantial assistance rests within the sound discretion of the trial court. Robinson, 177 N.C. App. at 232, 628 S.E.2d at 256. Even if the trial court makes a finding of substantial assistance being rendered, the court is not required to reduce a defendant's sentence or punishment. Id. at 232-33, 628 S.E.2d at 256.
At the hearing, defendant called Detective Mashburn to testify to the assistance he had provided to law enforcement. In November 2004, defendant cooperated with police by consenting to a search of his home and directing them to the location of over 300 grams of cocaine. Defendant stated that the cocaine came from Atlanta, but did not give the names of his suppliers.
After defendant pled guilty, Detective Mashburn told defendant he would need more information in order to have the district attorney reduce the amount of his bond. Defendant provided four names to the detective and the bond was subsequently reduced, enabling defendant to post bond and be released from jail. Defendant met with Detective Mashburn once more in June 2005, but failed to contact him again.
Detective Mashburn testified that the information defendant provided did not result in any leads and the police were unable to confirm the identity of two of the people named by defendant. Defendant testified at the motion hearing that although he called the police once, he "wasn't in a situation to do that type of work," and that providing substantial assistance "wasn't in [his] family's best interest."
Based upon testimony presented at the hearing, defendant has failed to show the trial court abused its discretion in finding defendant had failed to render substantial assistance. This assignment of error is overruled.

V. Conclusion
Defendant has failed to show a "fair and just reason" to allow his motion to withdraw his guilty plea. Handy, 326 N.C. at 539, 391 S.E.2d at 162. Sufficient evidence was presented to support the trial court's finding that defendant understood the terms and consequences of his guilty plea. Sufficient evidence supports the trial court's finding that defendant failed to render substantial assistance to the police. The order denying defendant's motion to withdraw his guilty plea and the judgment entered thereon are affirmed.
Affirmed.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).