STATE OF NORTH CAROLINA
v.
DAVID WYCLIFFE MARSHBURN
No. COA08-1157
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Kathryn J. Thomas, for the State.
Richard Croutharmel, for defendant-appellant.
JACKSON, Judge.
David Wycliffe Marshburn ("defendant") appeals the trial court's denial of his motion to withdraw his guilty plea. For the following reasons, we affirm.
On 13 August 2007, defendant was indicted on one count each of (1) obtaining property by false pretenses, (2) forgery, (3) uttering, and (4) having attained habitual felon status. On 5 May 2008, defendant was indicted for one count of (5) possession with intent to sell and deliver cocaine, (6) maintaining a dwelling for keeping and selling controlled substances, and (7) having attained habitual felon status. On 9 June 2008, defendant entered an Alford plea, pursuant to a plea agreement, effectively pleadingguilty to (1) obtaining property by false pretenses, (2) uttering, (3) maintaining a dwelling for keeping and selling controlled substances, and (4) attaining habitual felon status. The trial court accepted defendant's guilty plea and continued judgment for three weeks in order to allow defendant time to take care of personal affairs prior to sentencing.
On 2 July 2008, defendant appeared for sentencing. After the trial court reviewed the trial transcript from the plea hearing, it addressed issues concerning (1) defendant's prior record level, (2) defendant's compliance with the terms for continuing sentencing, (3) to whom restitution should be paid, (4) which felony would be the seminal one, and (5) the time defense counsel had spent on the case, and conducted a bench conference of unknown topic. Only after the trial court had conducted this business did defendant surprise his attorney and advise the court that he wanted to withdraw his guilty plea. The trial court denied defendant's motion. The trial court found defendant had a prior record level of VI, and sentenced defendant in the mitigated range to 101 to 131 months imprisonment. Defendant appeals.
Defendant argues that the trial court erred and violated his rights by denying his motion to withdraw his guilty plea prior to sentencing. Defendant contends that he demonstrated a fair and just reason for withdrawing his guilty plea. We disagree.
"In reviewing a decision of the trial court to deny defendant's motion to withdraw, the appellate court does not apply an abuse of discretion standard, but instead makes an `independent review of the record.'" State v. Marshburn, 109 N.C. App. 105, 108, 425 S.E.2d 715, 718 (1993) (quoting State v. Handy, 326 N.C. 532, 539, 391 S.E.2d 159, 163 (1990)). Our Supreme Court has stated that generally, a motion to withdraw a guilty plea made before sentencing should be granted with liberality. State v. Handy, 326 N.C. 532, 537, 391 S.E.2d 159, 162 (1990). The trial court should allow a defendant to withdraw his guilty plea upon his showing that "any fair and just reason" exists for such relief. Id. at 539, 391 S.E.2d at 162. Factors that favor the withdrawal of a guilty plea include "whether the defendant has asserted legal innocence, the strength of the State's proffer of evidence, the length of time between entry of the guilty plea and the desire to change it, and whether the accused has had competent counsel at all relevant times." Id. at 539, 391 S.E.2d at 163 (citation omitted). "Misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion are also factors for consideration." Id. (citation omitted).
In addressing the Handy factors, defendant first contends that he asserted his innocence when he moved to withdraw his guilty plea.
In State v. Graham, 122 N.C. App. 635, 471 S.E.2d 100 (1996), this Court determined that the "defendant made no concrete assertion of innocence, stating only that he `always felt that he was not guilty . . . .'" Id. at 637, 471 S.E.2d at 102. In this case, defendant stated the following:
And I guess what I'm saying is the real guilty person on that is getting away scot-free. Imean, I might sort of be an accessory, you know, but I mean, I didn't really mean to be an accessory. . . . On the other charge, I'm about 90 percent guilty on that other one, on the maintaining and all of that, you know. . . . I wish I hadn't taken the plea because I would rather talk to a jury of 12 people. You know, if I'm going to be sentenced, I don't think a jury of 12 people would find me guilty on that forgery, and all.
Here, as in Graham, defendant did not make a concrete assertion of innocence.
As to the strength of the State's case, defendant contends that the State's evidence was simply that he cashed the check. He further contends that the State presented no evidence of intent or that he personally gained from cashing the check. Defendant does not contend that the State's case with respect to the maintaining a dwelling and habitual felon charges was weak.
Here, the State's evidence regarding the uttering and obtaining property by false pretenses charges tended to show that the check in question was mailed to defendant's residence. On 19 March 2007, Detective Gray with the Clinton Police Department went to the Piggly Wiggly in Clinton and received a copy of a transaction report of the check and found that defendant had cashed the check on or about 9 February 2007. The printout bore defendant's picture and fingerprint.
Detective Gray interviewed defendant on 26 April 2007 and defendant indicated that he knew Donald Scott Balcum, the party to whom the check was made, as Quarters and that he cashed the check for Quarters at the Piggly Wiggly. Defendant stated that Quarters was with him when he cashed the check. Defendant claimed to have spoken with Joann Murphy, the store manager. However, defendant actually spoke with Sandra Smith, the assistant manager. Sandra Smith would testify that defendant was alone at the time the check was cashed. We conclude that the offer of evidence by the State was substantial.
With respect to the time between the plea and defendant's attempt to withdraw it, defendant contends that the three-week interval was relatively short.
Prior cases have relied on the length of time between the entry of defendant's guilty plea and motion to withdraw the plea. In State v. Robinson, 177 N.C. App. 225, 628 S.E.2d 252 (2006), this Court affirmed the denial of defendant's motion to withdraw his guilty plea when it was made approximately three and one-half months after its entry. Id. at 229-30, 628 S.E.2d at 255-56; see also Graham, 122 N.C. App. at 637-38, 471 S.E.2d at 101-02 (affirming the denial of defendant's motion to withdraw guilty plea made nearly five weeks after entry). Here, defendant entered his guilty plea on 9 June 2008 and sought to withdraw it approximately three weeks later on 2 July 2008. Moreover, as noted, defendant did not assert his innocence. In fact, it appears that defendant wished to reject his plea and delay sentencing so that he could finish settling his personal affairs. In light of all the circumstances surrounding defendant's attempt to withdraw his plea, the three-week delay was not insignificant.
Defendant also contends in his brief that he was confused and felt pressured by his lawyer's advice. However, we find no evidence in support of this contention in the record. Defendant explained to the court that when he was talking about feeling pressured, he meant that he "felt the pressure from within [himself]." He further stated that his counsel was "very, very cooperative," and that he had no complaints about her at all.
Furthermore, the record shows that defendant understood the consequences of his plea, did not act hastily, and was not confused or coerced. He was given additional time to consult with his attorney prior to accepting the plea agreement. Therefore, we conclude that a misunderstanding of the consequences of a guilty plea, hasty entry, confusion, and coercion were not relevant factors in this case.
In summary, considering the Handy factors as they relate to this case, we conclude defendant failed to show any fair and just reason for the trial court to grant his motion to withdraw his guilty plea.
Affirmed.
Judges Robert C. HUNTER and STEELMAN concur.
Report per Rule 30(e).